441 P.2d 273

**The STATE of Arizona ex rel. William J. SCHAFER, III, County Attorney of Pima County, Petitioner,**

**v.**

**The Honorable Norman S. FENTON, Judge of the Superior Court In and For Pima County, and Kendall Ellis Parsons, the real party in interest, Respondents.**

**No. 2 CA–CIV 5I5.**

Court of Appeals of Arizona.

May 21, 1968.

Rehearing Denied June 13, 1968.

Review Granted July 12, 1968.

**508**

William J. Schafer III, County Atty., Pima County, Tucson, William J. Augustine, Chief Criminal Deputy, Pima County, for petitioner.

Dino DeConcini, City Atty., Tucson, Sidney Lex Felker and David H. Lieberthal, Asst. City Attys., amicus curiae.

W. Mercer Bouldin, Tucson, for real party in interest.

MOLLOY, Judge.

This court has granted certiorari as to an order dismissing a direct information filed in the superior court charging the operation of a Piper Tri-Pacer aircraft while under the influence of intoxicating liquor. The dismissal was entered by the court on the basis of a petition indicating that the defendant had paid for the damage to the aircraft which he had flown on the occasion in question and that the "injured parties" (the owners of this aircraft and their insurance agency), desired " * * * to compromise the misdemeanor under the authority of A.R.S. 13–1591."

The granting of the writ of certiorari as to the subject order we deem appropriate under the authority of State ex rel. Ronan v. Stevens, 93 Ariz. 375, 381 P.2d 100 (1963).

The statute under which the defendant was charged reads, in pertinent part:

"No person shall operate an aircraft * * * while under the influence of intoxicating liquor, * * *. Any person violating any provision of this subsection is guilty of a misdemeanor * *."

A.R.S. § 2–204, subsec. B, as amended.

The statute under which the compromise of this misdemeanor was approved by the trial court reads, in part:

"When a defendant is accused of a. misdemeanor for which the person injured by *the act constituting the offense* has a remedy by a civil action, the offense may be compromised as provided in this section, except when the offense is committed by or upon any officer of justice while in the execution of the duties of his office, or when the offense is committed riotously, or with intent to commit a felony." (Emphasis ours)

A.R.S. § 13–1591, subsec. A.

In defending the order below, the respondent relies exclusively upon the decision of State of Arizona v. Garoutte, 95 Ariz. 234, 388 P.2d 809 (1964), which held that the crime of manslaughter in the driving of a motor vehicle, a misdemeanor under A.R.S. § 13–456, subsec. A(3) (b), could be compromised under this statute. It is our view that *Garoutte* is not controlling. In *Garoutte,* the act constituting the misdemeanor, the homicide, was the very same act for which a civil remedy is provided by our law. Here, the act constituting the offense has no direct relationship to the damage which may have resulted from the use of this aircraft. The offense is operating an aircraft while intoxicated, not the injuring of any person.

Our Supreme Court, in *Garoutte,* indicated its distaste for this compromise statute in strong language:

"The law should treat rich and poor alike, and the fact that a man might be able to pay for damages due to his negligence should not save him from criminal prosecution."

95 Ariz. at 237, 388 P.2d at 811.

While our Supreme Court reluctantly held that this statute applied to negligent manslaughter, we do not believe its application should be extended as attempted here.

California, from whence we adopted this statute *(Garoutte,* 95 Ariz. at 238, 388 P.2d 809), makes the same distinction as seen by this court:

"With this historical background, it appears to us that the legislature had no intention of authorizing the compounding and dismissal of every misdemeanor in which there was some incidental damage to a private citizen. We are of the opinion that the legislature intended to include those misdemeanors in which by their very nature there is an overlapping of the civil remedy and the public remedy by way of prosecution for a crime."

People v. O'Rear, 220 Cal.App.2d Supp. 927, 34 Cal.Rptr. 61, 63 (1963).

Order dismissing information set aside and cause remanded for further proceedings not inconsistent herewith.

HATHAWAY, C. J., and KRUCKER, J., concur.