449 P.2d 939

The STATE of Arizona ex rel. Wm. J. SCHAFER III, County Attorney of Pima County, Petitioner,

v.

The Honorable Norman S. FENTON, Judge of the Superior Court in and for Pima County; and Kendall Ellis PARSONS, the Real Party in Interest, Respondent.

No. 9357–PR.

Supreme Court of Arizona.

En Banc.

Jan. 30, 1969.

William J. Schafer III, County Atty., Pima County, Tucson, William J. Augustine, Chief Criminal Deputy, Pima County, for petitioner.

Dino DeConcini, City Atty., Tucson, Sidney Lex Felker, Asst. City Atty., amicus curiae.

W. Mercer Bouldin, Tucson, for real party in interest.

UDALL, Chief Justice:

This matter is before us on a petition for review of a decision of the Court of Appeals. That court set aside the order of the trial court, dismissing the information against respondent, and ordered that the information be reinstated. 7 Ariz.App. 507, 441 P.2d 273 (1968).

The essential facts are as follows: Respondent, hereinafter Parsons, borrowed an airplane from a friend, Jesse Colwell. Parsons flew the plane over the city of Tucson for a period of time and then crash-landed in an intersection. Shortly after the crash, Parsons was tested for intoxication. The test revealed a blood alcohol content of .28. A criminal information was filed against Parsons charging flying while under the influence of intoxicating liquor, A.R.S. § 2–204, subsec. B.

Parsons settled with the owner of the aircraft for the damage to the plane incurred in the crash. He then petitioned the court to dismiss the information, basing his petition upon A.R.S. § 13–1591, which provides:

"A. When a defendant is accused of a misdemeanor for which the person injured *by the act constituting the offense* has a remedy by a civil action, the offense may be compromised as provided in this section, * * *."

"B. If the party injured appears before the court in which the action is pending at any time before trial, and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the prosecution dismissed, and the defendant discharged. * * *."

The trial court thereupon dismissed the information.

162

The basic issue is whether the trial court properly applied the above statutory provisions. It is the petitioner's contention that the damage to the airplane was only an incident to the offense of operating an aircraft while intoxicated and is not so closely related to the offensive act as to bring into play the misdemeanor compromise statute. We are in agreement with that contention.

Our attention has been called to the case of State v. Garoutte, 95 Ariz. 234, 388 P.2d 809 (1964) in which we considered the application of § 13–1591. In Garoutte, the defendant killed a person as a result of his negligence in driving his automobile. An information was filed against him for manslaughter in the driving of an automobile, a misdemeanor. The widow and legal representative of the minor children of the decedent appeared before the court and acknowledged receipt of financial satisfaction and payment of damages for the injuries they had sustained because of the death of decedent. Thereupon the trial court dismissed the manslaughter charges against defendant. The state appealed and we affirmed the trial court. Respondent Parsons urges that Garoutte is conclusive here and that by its authority we should affirm the trial court.

This case differs from Garoutte in that in Garoutte the civil injury arose out of the specific act for which the defendant was being prosecuted, i. e., the negligent homicide of the deceased. When the defendant, in Garoutte, struck and killed the decedent two actions arose from the same act: the civil action for wrongful death and the criminal action for manslaughter in the driving of an automobile. In the instant case the damage to the airplane was only incidental to the commission of the crime and did not constitute any of the elements of the crime. The compromise statute applies only to a specific act which necessarily inflicts injury upon the person or property of a private citizen and at the same time is made punishable by law as a misdemeanor.

Our statute, § 13–1591, was taken from a similar California statute, West's Ann.Pen.Code, §§ 1377–1379. The California Court dealt with that statute in the case of People v. O'Rear, 220 Cal.App.2d Supp. 927, 34 Cal.Rptr. 61 (1963) in which they made the following observations with which we are in agreement:

"* * * (I)t appears to us that the legislature had no intention of authorizing the compounding and dismissal of every misdemeanor in which there was some incidental damage to a private citizen. We are of the opinion that the legislature intended to include those misdemeanors in which by their very nature there is an overlapping of the civil remedy and the public remedy by way of prosecution for a crime. Thus in the case of an assault and battery since by its very definition a battery is a wilful and unlawful use of force or violence upon the person of another, the person injured would in almost every case have a civil action for damages. Similarly, since a theft is the unlawful taking of the property of another, the civil remedy of damages for conversion would almost always exist. Contrast the crime of excessive speed in an automobile. The crime may be committed without injury to the person or property of another. Or such injury may be the proximate result of the violation of the law which constitutes the crime. We do not believe that the legislature intended to rest this important matter of public policy upon the happenstance that in any particular case a private citizen might or might not suffer personal injury or property damage."

We have not changed the result reached by the Court of Appeals in this case but have enlarged upon that court's discussion of the legal principles involved. The order of the trial court dismissing the action is set aside.

STRUCKMEYER, HAYS and McFARLAND, JJ., concur.

**163**

LOCKWOOD, Vice Chief Justice (specially concurring):

I concur in the result. I believe the opinion of the Court of Appeals adequately covered the subject.