502 P.2d 543

**STATE of Arizona, ex rel. Herbert E. WILLIAMS, City Attorney for the City of Tucson, Appellant,**

v.

**CITY COURT OF the CITY OF TUCSON et al., Appellees.**

**No. 2 CA–CIV 1170.**

Court of Appeals of Arizona, Division 2.

Nov. 8, 1972.

Herbert E. Williams, Tucson City Atty. by William E. Hildebrandt, Asst. City Atty., Tucson, for appellant.

L. Tipton Jackson, Jr., Tucson, for appellees.

KRUCKER, Chief Judge.

This is an appeal to determine whether the charge of failure to yield the right of way under the provisions of A.R.S. § 28–771, as amended, can be compromised to secure a dismissal of the misdemeanor complaint under the provisions of A.R.S. § 13–1591, as amended.

The undisputed facts which give rise to this appeal are as follows. Mr. Bland was charged in the Tucson City Court with failure to yield the right of way. The incident on which the complaint was based involved a collision between Bland's car and a vehicle to which he allegedly failed to yield the right of way. He entered a plea of not guilty and before the trial a settlement was reached by which the other party was satisfied as to any and all civil damages which resulted from the collision. Accordingly, Bland's attorney petitioned the court to dismiss the complaint basing his motion on A.R.S. § 13–1591, as amended, which provides:

"A. When a defendant is accused of a misdemeanor for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided in this section, except:

1. When the offense is committed by or upon any officer of justice while in the execution of the duties of his office.

2. When the offense is committed riotously.

3. When the offense is committed with intent to commit a felony.

4. In the case of manslaughter in the driving of a vehicle.

B. If the party injured appears before the court in which the action is pending at any time before trial, and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the prosecution dismissed, and the defendant discharged. The reasons for the order shall be set forth and entered of record on the minutes and the order shall be a bar to another prosecution for the same offense.

C. No public offense shall be compromised or the prosecution or punishment upon a compromise dismissed or stayed except as provided by law. . . ."

The city magistrate, over the objections of the city prosecutor, granted the dismissal. The City filed a special action in the Superior Court of Pima County and the court entered judgment against the City, holding that a violation of A.R.S. § 28–771, as amended, did not deprive the defendant of the benefit of the misdemeanor compro-

mise statute. The question that we decide here is whether or not this holding was correct.

■ The City takes the position that the only type of misdemeanor which can be compromised under A.R.S. § 13–1591, as amended, is one which by its very nature gives rise to a civil remedy in favor of a party damaged. Noting that the offense of failure to yield the right of way can occur without injury to person or property, the City argues that there is no authority to grant a dismissal under A.R.S. § 13–1591, as amended, because a collision resulted. We are in agreement with this contention.

In State ex rel. Schafer v. Fenton, 104 Ariz. 160, 449 P.2d 939 (1969), the Supreme Court put to rest the question as to what misdemeanors could be compromised under A.R.S. § 13–1591, as amended. In that case the defendant had borrowed an airplane, flew it, and crash landed in an intersection. A criminal charge of flying while intoxicated was filed against him. He sought dismissal under the compromise statute after settling with the owner of the plane for damages to the plane caused by the crash. In affirming the decision handed down by our court [1] setting aside the trial court's dismissal of the action, the Supreme Court quoted with approval from People v. O'Rear, 220 Cal.App.2d Supp. 927, 34 Cal.Rptr. 61 (1963), as follows:

"   .   .   .   it appears to us that the legislature had no intention of authorizing the compounding and dismissal of every misdemeanor in which there was some incidental damage to a private citizen. We are of the opinion that the legislature intended to include those misdemeanors in which *by their very nature* there is an overlapping of the civil remedy and the public remedy by way of prosecution for a crime   .   .   .   ." (Emphasis added) 449 P.2d at 939.

Setting forth examples as to which crimes are by their very nature overlapping the civil remedy, the California court stated the following concerning a speeding violation which involved an accident:

"   .   .   .   The crime [a speeding violation] may be committed without injury to the person or property of another. Or such injury may be the proximate result of the violation of the law which constitutes the crime. We do not believe that the legislature intended to rest this important matter of public policy upon the happenstance that in any particular case a private citizen might or might not suffer personal injury or property damage." 449 P.2d at 939.

■ Like this speeding violation example, failure to yield under A.R.S. § 28–771, as amended, is not a crime which by its very nature overlaps the civil remedy. Therefore, we hold that this cannot be compromised under our statutes, even where a failure to yield is the proximate cause of the accident.

In support of the lower court's ruling, defendant cites State v. Garoutte, 95 Ariz. 234, 388 P.2d 809 (1964), in which the defendant killed a person as a result of his negligence while driving his automobile and he was subsequently charged with manslaughter, a misdemeanor. *Garoutte* is inapposite since the civil injury arose out of the specific act for which the defendant was being prosecuted. Unlike the charge of failure to yield, manslaughter could not have been committed without giving rise to a civil remedy.[2]

For the foregoing reasons, the matter is reversed and remanded for further proceedings consistent with this opinion.

HATHAWAY and HOWARD, JJ., concur.

1. State ex rel. Schafer v. Fenton, 7 Ariz. App. 507, 441 P.2d 273 (1968).

2. We note that A.R.S. § 13–1591 was amended in 1969, denying a defendant a right to compromise and have the criminal charge dismissed in situations where he is charged with the crime of manslaughter when he is driving a vehicle.