512· P.2d 45

STATE of Arizona, ex rel. Herbert E.
WILLIAMS, Tucson City Attorney,
Petitioner,

v.

SUPERIOR COURT of the State of Arizona,
IN AND FOR the COUNTY OF PIMA,
the Honorable Richard N. Roylston, Judge
thereof; and Steve Lawrence ELLIOTT,
the real party in interest, Respondents.

No. 2 CA–CIV 1480.

Court of Appeals of Arizona,
Division 2.

July 18, 1973.

Herbert E. Williams, Tucson City Atty.,
by William E. Hildebrandt, Asst. City Atty.,
Tucson, for petitioner.

Laber, Lovallo & Colarich, Ltd., by
Scott W. Schlievert, Tucson, for respondents.

KRUCKER, Judge.

This special action presents the question
of whether the offense of disturbing the
peace is compromisable under A.R.S. §
13–1591, as amended. The respondent
court, on appeal from a City Court conviction,
concluded that it did. Since such
ruling is not reviewable by appeal to this
court, State v. Spitz, 15 Ariz.App. 120, 486
P.2d 800 (1971), appellate intervention by
way of special action is appropriate.

The misdemeanor compromise statute,
with certain exceptions which we need not
consider here, provides for dismissal of
the prosecution when a defendant is accused
of a misdemeanor for which the person
injured by the act constituting the offense
has a remedy by a civil action and
the injured party appears and acknowledges
to the court that he has received satisfaction
for the injury. Real party in interest
Elliott was tried and convicted in Tucson
City Court for disturbing the peace in
contravention of A.R.S. § 13–371, which
provides in pertinent part:

"A. A person is guilty of a misdemeanor
who maliciously and wilfully disturbs
the peace or quiet of a neighborhood,
family, or person by:

1. Loud or unusual noise.

2. Tumultuous or offensive conduct.

3. Threatening, traducing, quarreling,
challenging to fight or fighting.

4. Applying any violent, abusive, or obscene epithets to another."

Elliott appealed to superior court from his conviction. He then filed a pretrial motion to dismiss pursuant to the misdemeanor compromise statute supported by the consent of the purported "party injured" by his conduct. The respondent court apparently was of the opinion that the offense of disturbing the peace was compromisable and dismissed the criminal prosecution. We believe such ruling was erroneous in the light of our recent decision in State ex rel. Williams v. City Court of the City of Tucson, 18 Ariz.App. 394, 502 P.2d 543 (1972) and the Arizona Supreme Court decision in State ex rel. Schafer v. Fenton, 104 Ariz. 160, 449 P.2d 939 (1969). In both cases it was held that the only type of misdemeanor which can be compromised under A.R.S. § 13–1591, as amended, is one which *by its very nature* gives rise to a civil remedy in favor of a party damaged.

 We do not believe disturbing the peace is a misdemeanor in which by *its very nature* there is an overlapping of the civil remedy and the public remedy by the way of prosecution. A "disturbance of the peace" is a disturbance of public tranquillity or order and may be created by any act which molests inhabitants in the enjoyment of peace and quiet or excites disquietude or fear. State v. Cleveland, 205 Kan. 426, 469 P.2d 251 (1970); 11 C.J.S. Breach of the Peace § 1. The offense embraces a great variety of conduct destroying or menacing public order and tranquillity and includes not only violent acts but acts and words likely to produce violence in others. Cantwell v. Connecticut, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940). Concededly a private citizen might sustain personal injury or property damage as a consequence of conduct which disturbs the peace but the possibility of such occurrence does not bring the offense within the ambit of the misdemeanor compromise statute.

Since disturbing the peace does not by its very nature give rise to a civil remedy, the subject criminal prosecution should not have been dismissed. The order of dismissal is therefore vacated and the cause remanded for further proceedings.

HATHAWAY, C. J., and BEN BIRDSALL, Judge of the Superior Court, concur.

NOTE: Judge LAWRENCE HOWARD having requested that he be relieved from consideration of this matter, Judge BEN BIRDSALL was called to sit in his stead and participate in the determination of this decision.