Opinion
COHN, J.
The People appeal from an order dismissing a complaint charging a violation of Welfare and Institutions Code section 11483, subdivision (2) (felony welfare fraud) entered on Januaiy 6, 1975, in the Municipal Court for the Southern Judicial District of San Mateo County.
On August 14, 1974, a felony complaint was filed in the municipal court charging defendant with welfare fraud in violation of Welfare and *Supp. 3 Institutions Code section 11483. At the preliminary hearing without taking any testimony, the court advised defendant that it would permit a “civil compromise” (Pen. Code, § 1377 et seq.) if defendant were capable of making restitution. At that time the People advised the court that Penal Code section 1377 does not permit civil compromise of a felony charge. In response, the court reduced the charge to a misdemeanor citing Penal Code section 17 and granted defendant a 10-day continuance to arrange for funds with which to make restitution.
At the subsequent hearing, restitution was made and the case was dismissed over the objection of the People.
Penal Code section 1377 provides in pertinent part: “When the person injured by an act constituting a misdemeanor has a remedy by a civil action, the offense may be compromised as provided in the next section ...” (italics added).
Penal Code section 1378 provides in pertinent part: “If the person injured appears before the court in which the action is pending at any time before trial, and acknowledges that he has received satisfaction for the injury, the court may, in its discretion,... order all proceedings to be stayed ....”
The People contend that the court erred by compromising the Welfare and Institutions Code section 11483 violation since “there is no ‘private citizen’ nor any ‘person injured by an act constituting a misdemeanor’ within the meaning of P.C. Section 1377.”
It should be noted, however, that the Penal Code definition of “person” is broader than “natural person” and in fact includes “corporations” as well. It should also be noted that “person” as defined in Penal Code section 7 has been construed in People v. Diamondstein (1919) 42 Cal.App. 490 [183 P. 679] to expressly include a “county”; thus, contrary to the People’s contention, it may be concluded that the County of San Mateo is a “person” within the meaning of Penal Code sections 1377 through 1379.
More important than the question of whether the county can be considered a “person” is the question of whether the clear wording of Penal Code section 1377, subdivision 3, proscribes the kind of compromise permitted by the trial court in this case.
*Supp. 4 Penal Code section 1377, subdivision 3, provides that an act which constitutes a misdemeanor may nevertheless not be compromised if that act was committed “with an intent to commit a felony.” Welfare and Institutions Code section 11483 was clearly charged as a felony and, although reduction of that charge pursuant to Penal Code section 17 may have a direct impact on the sentence to be imposed on conviction, it arguably has no impact whatsoever upon the intent with which the act was committed. Since the act herein complained of was in fact a felony, the intent to commit that act may or may not have been felonious. If it were felonious, Penal Code section 1377, subdivision 3, would appear to bar any compromise of the offense. In any case, the question is one of fact, and the compromise of the offense as permitted by the trial court clearly denied the People of their right to a trial on that critical preliminary issue.
It should also be noted that Penal Code section 1378 provides, in part, that a compromise may be permitted in a proper case “if the person injured appears before the court in which the action is pending . . . and acknowledges that he has received satisfaction for the injury . . . .” Although no cases definitively construe that portion of Penal Code section 1378, there is a tenable argument that the appearance and acknowledgment of satisfaction required by section 1378 constitutes a necessary condition precedent to the court’s compromise of a misdemeanor charge. While People v. O’Rear (1963) 220 Cal.App.2d Supp. 927 [34 Cal.Rptr. 61], may indicate that the injured party need not actually appear before the court, the use of the term “satisfaction” would seem to require at least acquiescence to the restitution proffered by defendant. Thus, to the extent acquiescence by the injured party is required before the court may compromise a misdemeanor, the lack of such acquiescence by a representative of San Mateo County (injured party in this case) is a further ground for reversing the lower court’s order of dismissal.
For the above reasons, the order of the lower court dismissing the case pursuant to Penal Code section 1378 is therefore reversed, and the matter remanded to the municipal court for further proceedings.
Blum, P. J., and Rose, J., concurred.