**Thomas P. HENSEL, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 3719.**

Supreme Court of Alaska.

Nov. 3, 1978.

Max F. Gruenberg, Jr., Anchorage, for appellant.

Mary Anne Henry, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR and MATTHEWS, Justices.

## OPINION

PER CURIAM.

This case concerns the Alaska civil compromise statutes: AS 12.45.120, 12.45.130 and 12.45.140.[1]

On September 22, 1976, Hensel struck a vehicle driven by Dan B. Chatfield on the Old Wasilla Highway and then left the scene. Hensel was charged with leaving the scene of an accident in violation of AS 28.35.060.[2] An affidavit in proof of satisfaction and civil compromise was signed by Chatfield and filed in district court. It stated that, as a result of the accident, Chatfield's vehicle was damaged in the amount of $365.00 and that Hensel had paid that amount of money to Chatfield.

On December 13, 1976, Hensel filed a motion to dismiss the complaint pursuant to AS 12.45.120 and 12.45.130, the civil compromise statutes. A hearing was held before the district court, which granted Hensel's motion to dismiss. The state petitioned the superior court for review. On April 11, 1977, the superior court concluded that the charge of leaving the scene of an accident was not amenable to civil compromise. The case was remanded for further prosecution. Hensel pled *nolo contendere* to the charge, specifically preserving the issue of the civil compromise for appeal.[3]

We have not previously had an opportunity to interpret the civil compromise statutes.

 We agree with the superior court's conclusion that the crime of leaving the scene of an accident is not amenable to civil compromise. This conclusion is supported by cases interpreting similar statutes. *State v. Duffy*, 33 Or.App. 301, 576 P.2d 797, 798 (1978); *People v. O'Rear*, 220 Cal. App.2d Supp. 927, 34 Cal.Rptr. 61, 63–64 (Cal.App.1963).[4] The act constituting the

---

1. AS 12.45.120 provides:

 *Authority to compromise misdemeanors for which victim has civil action.* When a defendant is held to answer on a charge of misdemeanor for which the person injured by the act constituting the crime has a remedy by a civil action, the crime may be compromised except when it was committed

 (1) by or upon a peace officer, judge or magistrate while in the execution of the duties of his office;

 (2) riotously;

 (3) with an intent to commit a felony;

 (4) larcenously.

 AS 12.45.130 provides:

 *Acknowledgment of satisfaction by injured partly.* If the party injured appears before the court in which the defendant is bound to appear, at any time before trial, and acknowledges in writing that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the prosecution dismissed and the defendant discharged. The order is a bar to another prosecution for the same crime.

 AS 12.45.140 provides:

 *Compromise or stay upon compromise by other means prohibited.* No crime may be compromised or the prosecution or punishment upon a compromise dismissed or stayed except as provided by law.

2. AS 28.35.060 provides in part:

 *Duty of operator to give information and render assistance.*

 (a) The operator of a vehicle involved in an accident resulting in injury to or death of a person or damage to a vehicle which is driven or attended by a person shall give his name, address, and vehicle license number to the person struck or injured, or the operator or occupant, or the person attending, and the vehicle collided with and shall render to any person injured reasonable assistance, including making of arrangements for attendance upon the person by a physician and transportation, in a manner which will not cause further injury, to a hospital for medical treatment if it is apparent that treatment is desirable. Under no circumstances is the giving of assistance or other compliance with the provisions of this paragraph evidence of the liability of an operator for the accident.

 (b) Except as provided in (c) of this section, a person who fails to comply with any of the requirements of this section is, upon conviction, punishable by imprisonment for not more than one year, or by a fine of not more than $500, or by both. This provision does not apply to a person incapacitated by the accident to the extent he is physically incapable of complying with the requirement.

3. *See Oveson v. Municipality of Anchorage*, 574 P.2d 801, 803 n.4 (Alaska 1978); *Cooksey v. State*, 524 P.2d 1251, 1254–57 (Alaska 1974).

4. *See also, State ex rel. Williams v. City Court of City of Tucson*, 18 Ariz.App. 394, 502 P.2d 543, 545 (1972); *State ex rel. Schafer v. Fenton*, 104 Ariz. 160, 449 P.2d 939, 941 (1969).

crime of leaving the scene of an accident is the failure to stop and make the necessary exchanges of information or assistance[5] after the accident has occurred. This omission is not one which causes injury to the private citizen within the meaning of the civil compromise statutes. Settlement of the claim for injuries resulting from the accident cannot settle the state's claim for a violation of its laws.

The conviction is AFFIRMED.

5. This case does not involve a claim based on a failure to render assistance. We do not reach the issue of whether such a claim is subject to civil compromise.