610 P.2d 63

**The STATE of Arizona, ex rel. Andy BAUMERT, Phoenix City Attorney, Petitioner,**

v.

**The MUNICIPAL COURT OF the CITY OF PHOENIX, Arizona, and the Honorable William Dixon, judge thereof; and Jesus G. Vega, Defendant and Real Party in Interest, Respondents.**

**No. 14781.**

Supreme Court of Arizona.

April 9, 1980.

Andrew Baumert, City Atty., by Lindsay B. Ellis, Asst. City Prosecutor, Phoenix, for petitioner.

PER CURIAM.

A petition for special action was filed by the Phoenix City Attorney alleging that there is confusion at both the city court level and in the superior court as to the application of the "misdemeanor compromise statute," A.R.S. § 13-3981. The specific case at bar involves a leaving the scene of an accident charge. The defendant's motion to dismiss the charge on the basis of his having reached a settlement with the driver of the other car was granted. Although the defendant, real party in interest herein, did not make an appearance, we accepted jurisdiction.

It would appear that this question has been previously answered. In *State ex rel. Schafer v. Fenton*, 104 Ariz. 160, 449 P.2d 939 (1969), where we examined the application of the compromise statute to a charge of operating an aircraft while under the influence of intoxicating liquor, we said:

"In the instant case the damage to the airplane was only incidental to the commission of the crime and did not constitute any of the elements of the crime." *Id.* at 162, 449 P.2d at 941.

In the case at bar the damage to another vehicle "was only incidental" to the crime of leaving the scene of an accident. *See*

also *State ex rel. Williams v. City Court of City of Tucson*, 18 Ariz.App. 394, 502 P.2d 543 (1972).

Relief granted.