635 P.2d 849

STATE of Arizona, ex rel. Andy BAUMERT, Phoenix City Attorney, Petitioner,

v.

The SUPERIOR COURT OF the COUNTY OF MARICOPA, and The Honorable Gerald J. Strick, Judge thereof; The Municipal Court of the City of Phoenix, Arizona, and The Honorable N. Pike Johnson, Judge thereof, and Ronald P. Livingston, Defendant and Real Party in Interest, Respondents.

No. 15577.

Supreme Court of Arizona, In Banc.

Oct. 16, 1981.

Andy Baumert, City Atty., Aaron J. Carreon-Ainsa, Asst. City Prosecutor, Phoenix, for petitioner.

Craig A. Mehrens, Alex M. Rossell, Phoenix, for respondent Livingston.

GORDON, Justice:

Real party in interest Ronald P. Livingston was charged in Phoenix Municipal Court with a violation of A.R.S. § 13–1402, which provides:

"A person commits indecent exposure if he or she exposes his or her genitals or anus or she exposes the areola or nipple of her breast or breasts and another person is present, and the defendant is reckless about whether such other person, as a reasonable person, would be offended or alarmed by the act."

Indecent exposure is a class 3 misdemeanor. The state charged Livingston with "standing, facing Seventh Street through a window, being completely naked at 10:15 on the morning of September 24, 1980."

Pursuant to A.R.S. § 13–3981, the misdemeanor compromise statute, Livingston moved to dismiss the charge. That statute provides that except in certain enumerated instances, "When a defendant is accused of a misdemeanor or petty offense for which the person injured by the act constituting the offense had a remedy by a civil action, the offense may be compromised * * *." The trial court may dismiss a compromised offense. A.R.S. § 13–3981(B).

Livingston presented the trial court with an affidavit of the victim indicating she had compromised the claim with him. The trial court then dismissed the charge on Livingston's motion, and the Maricopa County Superior Court affirmed. The state petitioned us by special action to reverse the dismissal on the ground that indecent exposure is a misdemeanor that cannot be compromised under A.R.S. § 13–3981. Taking jurisdiction pursuant to A.R.S. Const. Art. 6, § 5(1), we grant the state's prayer for relief.

The sole question is whether indecent exposure is an offense that creates a civil remedy. A.R.S. § 13–3981 applies only when a misdemeanor offense invariably creates a civil cause of action. *State ex rel.*

*Baumert v. Municipal Court,* 125 Ariz. 429, 610 P.2d 63 (1980) (leaving the scene of an accident cannot be compromised); *State ex rel. Schaefer v. Fenton,* 104 Ariz. 160, 449 P.2d 939 (1969) (flying while intoxicated cannot be compromised); *State ex rel. Williams v. Superior Court,* 20 Ariz.App. 282, 512 P.2d 45 (1973) (disturbing the peace cannot be compromised); *State ex rel. Williams v. City Court,* 18 Ariz.App. 394, 502 P.2d 543 (1972) (failure to yield the right of way cannot be compromised). We can find no civil liability that invariably arises from the act of indecent exposure.

Thus, the respondent courts acted in excess of their legal authority by dismissing the charges and affirming that dismissal. *See* Rule 3(b), Rules of Procedure for Special Actions. The state has no equally plain, speedy, and adequate remedy by appeal. *See* Rule 1, Rules of Procedure for Special Actions. We grant the state's petition, therefore, and: (1) vacate the order of the Honorable Gerald J. Strick dismissing the state's appeal and affirming dismissal of the charges; and (2) reinstate Complaint No. 8275355–OC charging respondent Ronald P. Livingston in Phoenix Municipal Court with violating A.R.S. § 13–1402.

Prayer for relief granted.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and CAMERON, JJ., concur.