Opinion
WOODS, J.
Factual Synopsis
The defendant was accused by way of misdemeanor complaint of violating Vehicle Code section 20002, subdivision (a), which requires the driver of any vehicle involved in an accident resulting in property damage to stop and provide certain pertinent information. Violation of the statute is commonly referred to among those involved in law enforcement as a “hit-and-run.” *Supp. 10 The record is unclear, but it is undisputed that defendant entered a plea of not guilty at his arraignment. The matter was then placed on the court’s calendar for a subsequent trial-setting conference. The trial-setting conference was further continued and a docket entry made stating “ ... on that date defendant would be discharged pursuant to 1377, 78 if he made complete restitution.”[1]
At the continued trial-setting conference defendant then made an oral “motion to have the case civilly compromised pursuant to 1377-78.” In support of the motion, defendant submitted a declaration of Cynthia R. Thompson and a check in the amount of $50 made payable to a clerk of the municipal court “for costs.” The declaration of Cynthia R. Thompson contained a statement that she had received “full satisfaction for the losses (she) incurred” as the result of the accident in which she and defendant were involved on the relevant date.
The People opposed defendant’s motion, arguing (1) that a violation of Vehicle Code section 20002, subdivision (a) could not be civilly compromised and (2) the People had not been afforded the opportunity to speak to the victim.
Following oral argument, the trial court granted defendant’s motion, with the comment that, “I’ve always had some doubts as to civilly compromising these cases.”
The People filed a timely appeal.
Contentions on Appeal
The People raise the following issues on appeal: 1. The order entered in the court docket is insufficient to comply with the mandatory requirements of Penal Code section 1378; and
*Supp. 11 2. The trial court abused its discretion in approving a civil compromise.
We find merit in both contentions.
Discussion
The People’s first contention that the docket entry is insufficient to comply with the mandate of Penal Code section 1378 that “the reasons for the order must be set forth therein, and entered on the minutes” is correct. In order to comply with section 1378, the trial court must state the factual basis for approving the civil compromise. It is not sufficient to simply state that the case was dismissed pursuant to a civil compromise, without setting forth the factual basis for the ruling. The reasoning stated by our Supreme Court in People v. Orin (1975) 13 Cal.3d 937, 943-944 [120 Cal.Rptr. 65, 533 P.2d 193], dealing with an improper dismissal of an action under Penal Code section 1385,[2] is equally applicable in this instance. The court stated: “Secondly, we note that the dismissal of counts I and II is manifestly invalid under section 1385 because of the court’s failure to comply with the following provision of the statute: ‘The reasons of the dismissal must be set forth in an order entered upon minutes.’ ... It is settled law that this provision is mandatory and not merely directory. Recently in People v. Superior Court (Howard) (1968) 69 Cal.2d 491, 502-503 [72 Cal.Rptr. 330, 446 P.2d 138], while recognizing the broad right of a trial judge to dismiss in furtherance of justice, we adverted to the requirement that he ‘must state his reasons in the minutes’ and took pains to point out that ‘[i]f the reasons are not set forth in the minutes, the order dismissing may not be considered a dismissal under section 1385. [Citations.]’ . . .
“Thus, it has been said: ‘The statement of reasons is not merely directory, and neither trial nor appellate courts have authority to disregard the requirement. It is not enough that on review the reporter’s transcript may show the trial court’s motivation; the minutes must reflect the reason “so that all may know why this great power was exercised.” ’ (People v. Beasley [(1970)] 5 Cal.App.3d 617, 637 [85 Cal.Rptr. 501].) The underlying purpose of this statutory requirement is ‘to protect the public interest against improper or corrupt . . . dismissals’ and to impose a purposeful restraint upon the exercise of judicial power ‘ “lest magistral discretion sweep away *Supp. 12 the government of laws.’” (People v. Superior Court (Schomer) (1970) 13 Cal.App.3d 672, 678 [91 Cal.Rptr. 651]; quoting from People v. Winters (1959) 171 Cal.App.2d Supp. 876, 882 [342 P.2d 538].)” (Original italics.) The order of the trial court as reflected in the minutes, was insufficient compliance with Penal Code section 1378.
The People’s second contention is that a violation of Vehicle Code section 20002, subdivision (a) cannot be civilly compromised. A previous panel of this court delineated three factors to be considered on a misdemeanor appeal in determining whether a trial court abused its discretion in dismissing an action based upon a civil compromise as follows: (1) whether the civil injury is coextensive with the criminal violation, (2) whether the injury to the public is fully vindicated by the settlement and (3) whether the vicitim’s settlement agreement is voluntary. (People v. Moulton (1982) 131 Cal.App.3d Supp. 10, 21-23 [182 Cal.Rptr. 761].)
An application of the factors set forth in Moulton clearly compels this court to conclude that a “hit-and-run” violation is not an offense that should be the subject of civil compromise. The injury to the public would not be fully vindicated by such a civil compromise. The cost of a “hit and run” violation is paid for by every law-abiding driver in the form of increased insurance premiums. The crime with which the defendant is charged is complete upon the “running” whether or not his conduct caused substantial or minimal (or indeed any) damage or injury; it is the running which offends public policy. Lastly, in the instant case, the victim did not appear in court, and the court did not make a finding that the victim voluntarily entered the compromise.
We are further buttressed in our opinion that a “hit-and-run” offense is not the type of offense to which a civil compromise should be permitted by a decision of this court rendered by a prior panel. We are persuaded by the reasoning set forth in People v. O’Rear (1963) 220 Cal.App.2d Supp. 927, 931 [34 Cal.Rptr. 61] that: “The gravamen of the offense defined by the Vehicle Code section 20002, subdivision (a), is the failure to stop and make the necessary report after the accident or damage has occurred. This omission is not one which causes injury to the private citizen. Hence, the private citizen is, under the circumstances, technically not a ‘person injured by an act constituting a misdemeanor’ within the meaning of Penal Code section 1377. (Italics added.)”
*Supp. 13 Accordingly, the order granting defendant’s motion for civil compromise pursuant to Penal Code sections 1377 and 1378 is reversed and the matter is remanded to the trial court for further proceedings.
Margolis, P. J., and Roberson, J., concurred.

It is undisputed that the numbers “1377, 78” refer to Penal Code sections 1377 and 1378 which provide in pertinent part as follows: Section 1377: “When the person injured by an act constituting a misdemeanor has a remedy by a civil action, the offense may be compromised as provided in the text section, except . . . .” (The exceptions are not applicable to this case and are therefore not quoted.)
Section 1378: “If the person injured appears before the court in which the action is pending at any time before trial, and acknowledges that he has received satisfaction for the injury, the court may, in its discretion, on payment of the costs incurred, order all proceedings to be stayed upon the prosecution, and the defendant to be discharged therefrom; but in such case the reasons for the order must be set forth therein, and entered on the minutes. The order is a bar to another prosecution for the same offense.”

Section 1385 provides in pertinent part: “(a) The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons for the dismissal must be set forth in an order entered upon the minutes. . . .”