[No. B089583. Second Dist., Div. One. May 3, 1995.]

THE PEOPLE, Plaintiff and Appellant, v.
DAVID F. TISCHMAN, Defendant and Respondent.

**COUNSEL**

James K. Hahn, City Attorney, Debbie Lew and Amy Jo Field, Deputy City Attorneys, for Plaintiff and Appellant.

Mitchell W. Egers and Arlyn M. Latin for Defendant and Respondent.

## OPINION

**VOGEL (Miriam A.), J.**—The issue in this case is whether a misdemeanor hit-and-run charge (which by statute involves property damage only) is subject to disposition by way of a civil compromise. We hold that it is and thus decline to follow two appellate department decisions to the contrary, *People* v. *McWhinney* (1988) 206 Cal.App.3d Supp. 8 [254 Cal.Rptr. 205] and *People* v. *O'Rear* (1963) 220 Cal.App.2d Supp. 927 [34 Cal.Rptr. 61].

### FACTS

David F. Tischman was charged with a violation of Vehicle Code section 20002, subdivision (a), misdemeanor hit and run. Tischman pled not guilty. On the date set for trial, Tischman moved to dismiss pursuant to Penal Code sections 1377 and 1378,[1] explaining that he had reached a civil compromise with the victim by the payment of $2,500 for the victim's property damage (there was no bodily injury). The municipal court heard the victim's testimony (he was fully compensated, "satisfied," and "just wanted the case to be dismissed"),[2] noted there was no alcohol or other extenuating circumstance involved in this case and, over the People's objection, dismissed the case on the ground full restitution had been made.

The People appealed to the appellate department of the superior court, which (over a dissenting opinion) reversed and ordered the misdemeanor complaint reinstated. The appellate department then certified the case to us.

### DISCUSSION

Under section 1377, "[w]hen the person injured by an act constituting a misdemeanor has a remedy by a civil action, the offense may be compromised, as provided in Section 1378, except when it is committed as follows: [¶] (a) By or upon an officer of justice, while in the execution of the duties of his or her office. [¶] (b) Riotously. [¶] (c) With an intent to commit a felony. [¶] (d) In violation of any court order as described [elsewhere]. [¶] (e) By or upon any family or household member . . . ." Relying on the threshold requirement stated in the first phrase—that a misdemeanor charge may be disposed of by a civil compromise only when "the person injured by

---

[1]Unless otherwise stated, all further section references are to the Penal Code.

[2]Actually, what the court heard was the testimony of the victim's son, because the victim speaks only Russian, but the facts are undisputed.

an act constituting a misdemeanor has a remedy by a civil action"—the People contend the victim of a misdemeanor hit and run has no remedy by way of a civil action. Although this was the basis of the decision in *People v. McWhinney, supra*, 206 Cal.App.3d Supp. 8 (which followed *People v. O'Rear, supra*, 220 Cal.App.2d Supp. 927), we disagree.

## A.

In *McWhinney*, the appellate department of the Los Angeles Superior Court addressed facts indistinguishable from those before us in this case and, in a unanimous opinion joined by the judge who dissented in our case (Hon. Robert Roberson), held there can be no civil compromise of a misdemeanor hit and run—because (1) the civil injury is not coextensive with the criminal violation (the civil injury is the "hit," the criminal violation the "run") and (2) the victim is technically not a person injured "by an act" constituting a misdemeanor because the "act" at the heart of a hit and run is the failure to stop and make the necessary report after the damage has been done to the victim. (*People v. McWhinney, supra*, 206 Cal.App.3d at p. Supp. 12; see also *People v. Moulton* (1982) 131 Cal.App.3d Supp. 10, 21-23 [182 Cal.Rptr. 761].)

In his dissent in our case, Judge Roberson suggests it is time to rethink the conclusion he agreed with in *McWhinney* and, perhaps, time to hold that misdemeanor hit-and-run violations are appropriate subjects for civil compromise. He suggests the purpose of the misdemeanor hit-and-run statute is not to deter running for running's sake, but to ensure that parties involved in automobile accidents stop and exchange the required information so that the injured party can be compensated. Approval of civil compromises in these cases, he concludes, would serve our need for the efficient administration of justice by resolving these relatively minor disputes without a criminal prosecution and without a civil action by the victim to recover compensation for his injuries. We agree.

## B.

In *Byers v. Justice Court* (1969) 71 Cal.2d 1039 [80 Cal.Rptr. 553, 458 P.2d 465], our Supreme Court held that the purpose of Vehicle Code section 20002 is to protect property owners from financial loss by requiring drivers involved in accidents resulting in property damage to disclose their identities. (71 Cal.2d at pp. 1048-1049.) Moreover, Vehicle Code section 20002 is

not "part of any larger legislative scheme *to facilitate criminal prosecutions*. Rather, it is related in coverage and intent to the financial responsibility law (Veh. Code, §§ 16000-16553) the primary purpose of which is to protect persons who while lawfully using the public highways suffer financial loss as a result of another's negligent use of the highways."[3] (*Id.* at pp. 1054-1055, fn. omitted; see also *People* v. *Stansberry* (1966) 242 Cal.App.2d 199, 203 [51 Cal.Rptr. 403]; *Miglierini* v. *Havemann* (1966) 240 Cal.App.2d 570, 573 [49 Cal.Rptr. 795] [section 20002 "was undoubtedly enacted by the Legislature to protect owners of unattended vehicles from financial loss caused by irresponsible persons who damage such vehicles and attempt to escape liability by departing from the scene of the accident without leaving any identification or evidence by which to trace them"]; *People* v. *Crouch* (1980) 108 Cal.App.3d Supp. 14, 20 [166 Cal.Rptr. 818] [the "regulatory purpose of Vehicle Code section 20002, subdivision (a) is to provide the owners of property damaged in traffic accidents with the information they need to pursue their civil remedies"].)

Based on these cases, we believe the *McWhinney* court was wrong.

## C. ·

■ Civil compromises under section 1377 are permitted to promote the "public interest by checking rather than encouraging criminal prosecutions of cases which are in reality of a private rather than public nature, although they are technically labeled as public offenses." (*People* v. *Stephen* (1986) 182 Cal.App.3d Supp. 14, 19-20 [227 Cal.Rptr. 380].) Simply put, ". . . the public interest in those cases is best served by requiring the accused to make restitution directly and immediately to the individual victim instead of subjecting him to criminal sanctions for the welfare of society in general." (*Id.* at p. Supp. 27; see also *People* v. *Moulton, supra,* 131 Cal.App.3d at p. Supp. 20.) Or, as Judge Roberson put it, civil compromise serves the public need for the efficient administration of justice by resolving relatively minor disputes by eliminating two proceedings—the criminal prosecution of the defendant and the victim's civil suit for financial compensation.

A quick review of the cases where civil compromises under section 1377 (and similar statutes in other states) are allowed (or not) supports the

---

[3]In *California* v. *Byers* (1971) 402 U.S. 424 [29 L.Ed.2d 9, 91 S.Ct. 1535], the Supreme Court considered the unrelated constitutional issue decided in *Byers* v. *Justice Court, supra,* 71 Cal.2d 1039. In the process, the United States Supreme Court agreed that Vehicle Code section 20002 is "essentially regulatory, not criminal," and that it "was not intended to facilitate criminal convictions but to promote the satisfaction of civil liabilities arising from automobile accidents." (*California* v. *Byers, supra,* 402 U.S. at p. 430 [29 L.Ed.2d at p. 18].)

conclusion we reach in this case. For example, a criminal libel may be compromised (*People* v. *Moulton, supra,* 131 Cal.App.3d at p. Supp. 20), as may a simple assault and battery (*ibid.*), theft by obtaining unemployment benefits fraudulently (*State* v. *Dumond* (1974) 270 Or. 854 [530 P.2d 32]), writing bad checks (*Childs* v. *State* (1968) 118 Ga.App. 706 [165 S.E.2d 577]) and vehicular manslaughter (*State* v. *Garouette* (1964) 95 Ariz. 234 [388 P.2d 809]). Civil compromise is prohibited, however, in an equally odd mix of cases. (See, e.g., *State* ex rel. *Schafer* v. *Fenton* (1969) 104 Ariz. 160 [449 P.2d 939, 42 A.L.R.3d 311] [where the operation of an aircraft while intoxicated resulted in a crash]; *State* v. *Superior Court of County of Maricopa* (1981) 130 Ariz. 256 [635 P.2d 849] [indecent exposure]; *State* v. *Dugger* (1985) 73 Or.App. 109 [698 P.2d 491] [indecent exposure]; *City of Seattle* v. *Stokes* (1986) 42 Wn.App. 498 [712 P.2d 853] [reckless driving]; *State* ex rel. *Williams* v. *Superior Court, Cty. of Pima* (1973) 20 Ariz.App. 282 [512 P.2d 45] [disturbing the peace]; *State* ex rel. *Williams* v. *City Court of City of Tucson* (1972) 18 Ariz.App. 394 [502 P.2d 543] [failure to yield the right of way]; *People* v. *Strub* (1975) 49 Cal.App.3d Supp. 1 [122 Cal.Rptr. 374] [felony welfare fraud reduced to a misdemeanor where there was no factual finding of felonious intent]; *People* v. *Moulton, supra,* 131 Cal.App.3d Supp. 10 [grand theft where there was no factual finding of felonious intent]; *Commonwealth* v. *Heckman* (1934) 113 Pa.Super. 70 [172 A. 28] [misappropriation of pledged securities by a trustee].)

We are not the first to try without success to reconcile these cases. We are also not the first to conclude, as we do in this case, that a misdemeanor hit and run should be subject to compromise. In *State* ex rel. *Fitch* v. *Roxbury Dist. Court* (1981) 29 Wn.App. 591 [629 P.2d 1341], the Washington Court of Appeals was asked to determine the trial court's power "to exercise its discretion to dismiss a charge of [hit and run] under the compromise of misdemeanor statute . . . ." (*Id.* at p. 1341.) There, as here, the People claimed "(1) the gravamen of this offense is not the accident but the failure to stop and make the necessary report after the accident has occurred; (2) this omission does not injure a particular person and give rise to a civil remedy; and (3) because no person has a remedy by civil action as a result of leaving the scene of the accident, the offense is not compromisable." (*Id.* at p. 1342.) This is what the Washington court had to say:

"While [the misdemeanor hit and run statute] makes no mention of a public policy to compensate victims of traffic offenses, that policy is clearly established in the whole of the tort law on the basis of which victims of traffic offenses can recover both property as well as bodily damage. There is,

then, a policy favoring restitution to victims of traffic offenses, just as there is for the victims of [other] minor offenses [such as theft].

"In addition to the policy favoring restitution for victims of traffic offenses, there are other policy considerations favoring the vesting of discretion in the trial courts to compromise minor offenses. The vesting of a discretionary power in the courts of limited jurisdiction by means of [the compromise statute] operates as a check and balance against the much greater discretionary power of the police to decide when to arrest and of the prosecutor when to prosecute. A trial court's impartial judgment in determining whether to dismiss the charge when based upon restitution to the victim can bring to bear many factors important in the furtherance of justice which are not within the purview of the police and prosecutor. Indeed, our superior courts, constitutional courts vested with certain inherent powers, . . . already have such power. . . .

"The authority cited by the State from other jurisdictions, some factually indistinguishable from the present case, cannot withstand close scrutiny. One such case, which is representative of the reasoning of such opinions, is *Hensel* v. *State*, 585 P.2d 878, 879-880 (Alaska, 1978) where the court reasoned: [¶] [']We agree with the superior court's conclusion that the crime of leaving the scene of an accident is not amenable to civil compromise. . . . The act constituting the crime of leaving the scene of an accident is the failure to stop and make the necessary exchanges of information or assistance . . . after the accident has occurred. This omission is not one which causes injury to the private citizen within the meaning of the civil compromise statutes. Settlement of the claim for injuries resulting from the accident cannot settle the state's claim for a violation of its laws.['] Accord, *State* v. *Duffy*, 33 Or.App. 301, 576 P.2d 797 (1978); and *People* v. *O'Rear*, 220 Cal.App.2d Supp. 927, 34 Cal.Rptr. 61 . . . ." (*State* ex rel. *Fitch* v. *Roxbury Dist. Court*, *supra*, 629 P.2d at pp. 1342-1343.)

This is what our Washington colleagues had to say about the reasoning of *O'Rear* (which was the basis for *McWhinney* and for the appellate department's holding in our case): "*Duffy* relies on *O'Rear* which is based on the old common law rule of *Pearce* v. *Wilson*, 111 Pa. 14, 2 A. 99 (1886). In *Pearce* the court disallowed compromise of an offense on the basis of the rule that 'all contracts to abate or compromise criminal offenses of any class, are held void as against the policy of the law, because of their manifest tendency to subvert public justice.' . . . It is of seminal importance in the *Pearce* case that the prosecutor and the defense had conjured up a scheme for compromise of the offense without participation of the court; the deal was to be effectuated as a *fait accompli* by the prosecutor declining to call any witnesses. In such a situation it is indeed a danger, even a likelihood,

that justice would be subverted. In the situation mandated by the compromise statute under consideration here, however, the terms of the restitutionary agreement are to be fully aired in open court, and the decision whether to dismiss is left to the discretion of the trial court. With the decision left to the court, not only is the subversion of justice unlikely, the effectuation of justice is probable. The policy basis of the cases from these other jurisdictions is thus seriously questionable.

"Aside from the policy basis, the reasoning of the contra opinions is too facile. . . . [In *O'Rear*, the] California court requires not just overlapping, but full congruence of the criminal offense and the civil cause of action. We believe that so long as the civil cause of action shares a common element with the criminal offense, compromise is available; overlapping, not full congruence, is required." (*State* ex rel. *Fitch* v. *Roxbury Dist. Court*, *supra*, 629 P.2d at pp. 1343-1344.)

## D.

In California, our municipal courts retain the same discretion as Washington's trial courts. Under section 1378, if the injured person "appears before the court in which the [misdemeanor criminal] action is pending at any time before trial, and acknowledges that he has received satisfaction for the injury, the court may, in its discretion, on payment of the costs incurred, order all proceedings to be stayed upon the prosecution, and the defendant to be discharged therefrom; but in such case the reasons for the order must be set forth therein, and entered on the minutes. The order is a bar to another prosecution for the same offense." ▆▆▆ Accordingly, we too believe that, so long as the civil cause of action shares a common element with the criminal offense, compromise is available, subject to the court's discretion to reject a compromise where extenuating circumstances warrant rejection.[4]

In this case, there were no extenuating circumstances and the civil compromise thus served the interests of justice, judicial economy, fairness and common sense. (See also *People* v. *Cookson* (1991) 54 Cal.3d 1091, 1097 [2 Cal.Rptr.2d 176, 820 P.2d 278] ["aside from making the victim whole, restitution serves valid punitive, deterrent, and rehabilitative objectives"].)

---

[4]For example, if law enforcement resources were involved in tracking down the defendant, the court in which the misdemeanor charge was pending would have discretion to reject the civil compromise. All we are saying is that a Vehicle Code section 20002, subdivision (a), violation is not, as a matter of law, one which can never be compromised under sections 1377 and 1378.

## DISPOSITION

The judgment of the appellate department is reversed and the cause is remanded to the municipal court with directions to reinstate its order of dismissal.

Spencer, P. J., and Ortega, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 10, 1995. Baxter, J., was of the opinion that the petition should be granted.