[No. 7249–8–I.   Division One.   January 28, 1980.]

THE STATE OF WASHINGTON, *Appellant*, v. CAMERON
NORTON, *Respondent.*

*Norm Maleng, Prosecuting Attorney,* and *Mark P. Worcester, Deputy,* for appellant.

*Leslie J. Wildman* of *Seattle–King County Public Defender Association,* for respondent.

DORE, J.—The State appeals from an order dismissing a juvenile information against Cameron Norton.

## ISSUE

Does the compromise of misdemeanors statute, RCW 10.22, apply to juvenile court proceedings and, if so, did the trial court abuse its discretion in dismissing the information?

## FACTS

Believing that Norton had stolen his watch, Marshall Stuteville made an arrangement with Norton for its return. The agreement was not kept, and Stuteville turned the matter over to the police.

Pursuant to RCW 13.40.070, the case was diverted to the Magnolia Conference Committee. Norton signed a diversion agreement to pay $40 in restitution and do 65 hours of community service. Norton did not fulfill his agreement, although he alleges that he did 40 hours of community service. The State moved to terminate diversion and filed an information in juvenile court charging him with third-degree theft.[1] The State's motion was uncontested and an order terminating diversion was entered accordingly.

Norton moved in juvenile court for an order of dismissal based on RCW 10.22 and Stuteville's affidavit to the effect that he had received complete satisfaction from Norton.[2] At the hearing on the motion, the State offered to prove by

---

[1]Third–degree theft is a gross misdemeanor under RCW 9A.56.050(2) if committed by an adult.

[2]RCW 10.22.010:

"When permitted—Exceptions. When a defendant is prosecuted in a criminal action for a misdemeanor, for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided in RCW 10.22.020 except when it was committed:

"(1) By or upon an officer while in the execution of the duties of his office.

"(2) Riotously; or,

"(3) With an intent to commit a felony."

RCW 10.22.020:

"Procedure—Costs. In such case, if the party injured appear in the court in which the cause is pending at any time before the final judgment therein, and acknowledge, in writing, that he has received satisfaction for the injury, the court may, in its discretion, on payment of the costs incurred, order all proceedings to be discontinued and the defendant to be discharged. The reasons for making the

Stuteville's testimony that he was not completely satisfied because an understanding that Norton would meet and talk with him had not been fulfilled. Considering the offer of proof to border on perjury, the trial court granted the motion to dismiss under RCW 10.22.

## DECISION

■ In reviewing questions of statutory application, our duty is to ascertain and give effect to the intent of the legislature, and we must look to the statutory context as a whole to ascertain that intent. *Hartman v. State Game Comm'n,* 85 Wn.2d 176, 532 P.2d 614 (1975). The Juvenile Justice Act of 1977, RCW 13.40, is part of a comprehensive revision of the juvenile justice system through which the legislature has substantially restructured the manner in which juvenile offenders are to be treated. *State v. Lawley,* 91 Wn.2d 654, 591 P.2d 772 (1979). The legislature's purpose in adopting the act was to:

(a) Protect the citizenry from criminal behavior;
(b) Provide for determining whether accused juveniles have committed offenses as defined by this chapter;
(c) Make the juvenile offender accountable for his or her criminal behavior;
(d) Provide for punishment commensurate with the age, crime, and criminal history of the juvenile offender;
(e) Provide due process for juveniles alleged to have committed an offense;
(f) Provide necessary treatment, supervision, and custody for juvenile offenders;
(g) Provide for the handling of juvenile offenders by communities whenever consistent with public safety;
(h) Provide for restitution to victims of crime;
(i) Develop effective standards and goals for the operation, funding, and evaluation of all components of the

order must be set forth therein and entered in the minutes. Such order is a bar to another prosecution for the same offense."

RCW 10.22.030:

"Compromise in all other cases forbidden. No offense can be compromised, nor can any proceedings for the prosecution or punishment thereof be stayed upon a compromise, except as provided in this chapter."

juvenile justice system and related services at the state and local levels; and

(j) Provide for a clear policy to determine what types of offenders shall receive punishment, treatment, or both, and to determine the jurisdictional limitations of the courts, institutions, and community services.

RCW 13.40.010(2).

▮ The essence of the compromise of misdemeanors statute is restitution to crime victims and avoidance of prosecution for minor offenders. These functions are consistent with the purposes of the Juvenile Justice Act of 1977, specifically RCW 13.40.010(2)(g) and (h). Because the purposes of the two statutes are consistent, we hold that where, as here, an offense[3] designated a misdemeanor under the adult criminal statutes is used to invoke the jurisdiction of the juvenile court, the compromise of misdemeanors statute, RCW 10.22, may be applied in juvenile proceedings. We have examined the record and find that the trial court did not abuse its discretion in applying it here.

Affirmed.

CALLOW, C.J., and JAMES, J., concur.

Reconsideration denied March 6, 1980.

Review denied by Supreme Court May 9, 1980.

---

[3]An "offense" which initiates a juvenile proceeding under RCW 13.40 is defined as "an act designating a violation or a crime if committed by an adult under the law of this state, under any ordinance of any city or county of this state, under any federal law, or under the law of another state if the act occurred in that state". RCW 13.40.020(14).