[No. 8886–6–I.  Division One.  June 15, 1981.]

THE STATE OF WASHINGTON, *on the Relation of Harold Fitch, Appellant,* v. ROXBURY DISTRICT COURT, *Respondent.*

*Jones & Jones* and *Roderick Jones,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Michael Linnabary, Deputy,* for respondent.

RINGOLD, J.—The issue here concerns the power of the district court to exercise its discretion to dismiss a charge of violation of RCW 46.52.020, failure to remain at the scene of an accident, under the compromise of misdemeanors statute, RCW 10.22.010. We reverse and remand to the district court for consideration of the motion to dismiss.

The defendant–relator, Harold Fitch, was charged in Roxbury District Court with failure to remain at the scene of an accident. Fitch moved to dismiss on the ground that he had fully complied with the compromise of misdemean-

ors statute, RCW 10.22.010, which allows compromise of a misdemeanor when the injured party has a civil remedy. The district court denied the motion on the basis that as a matter of law the offense charged was not subject to compromise under RCW 10.22.010. Fitch petitioned the King County Superior Court for a writ of review. The writ was denied on the ground that as a matter of law the offense charged was not compromisable because the State was the injured party and could not be compensated. This appeal followed.

The record does not specifically identify the charging statute. The briefs of both parties refer to the offense as "Hit and Run (Attended)," RCW 46.52.020. We cannot tell from the record under what subsection of RCW 46.52.020 Fitch was charged. No matter on which subsection of the statute the charge was based, the heading of the statute provides: "[d]uty in case of injury to or death of person or damage to attended vehicle . . ." The elements of the offense require proof of (1) a death or injury to a person, (2) or damage to an attended vehicle, and (3) failure of the driver of the vehicle involved in the accident to stop his vehicle and return to the scene in order to provide his name, address, vehicle license number and driver's license and to render reasonable assistance to any person injured in such accident. The persons governed by the provisions of the statute need report to police authority only if others are not "in condition to receive the information." RCW 46.52-.020(7).

RCW 10.22.010 provides:

> When a defendant is prosecuted in a criminal action for a misdemeanor, for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided in RCW 10.22.020, except when it was committed:
> (1) By or upon an officer while in the execution of the duties of his office.
> (2) Riotously; or,
> (3) With an intent to commit a felony.

RCW 10.22.020 provides:

In such case, if the party injured appear in the court in which the cause is pending at any time before the final judgment therein, and acknowledge, in writing, that he has received satisfaction for the injury, the court may, in its discretion, on payment of the costs incurred, order all proceedings to be discontinued and the defendant to be discharged. The reasons for making the order must be set forth therein and entered in the minutes. Such order is a bar to another prosecution for the same offense.

The State contends that with its interest in licensing and monitoring driving, it is the true injured party in all traffic offenses. The State argues that (1) the gravamen of this offense is not the accident but the failure to stop and make the necessary report after the accident has occurred; (2) this omission does not injure a particular person and give rise to a civil remedy; and (3) because no person has a remedy by civil action as a result of leaving the scene of the accident, the offense is not compromisable.

The only Washington case on point is *State v. Norton,* 25 Wn. App. 377, 606 P.2d 714 (1980), in which the trial court granted Norton's motion to dismiss the information on the basis that he had fulfilled his restitutionary obligation to the victim of his theft. This court upheld the dismissal, reasoning that the intent of the legislature both in the juvenile justice act and in the compromise of misdemeanors act here under consideration mandated such dismissal. The court there based its result upon the policy of the compromise statute to avoid prosecution of minor offenders and to provide restitution to crime victims, and on the policy of the juvenile justice act to accord juvenile–defendants community–based treatment. *Norton,* at 380. While RCW 46.52 makes no mention of a public policy to compensate victims of traffic offenses, that policy is clearly established in the whole of the tort law on the basis of which victims of traffic offenses can recover both property as well as bodily damage. There is, then, a policy favoring restitution to victims of traffic offenses, just as there is for the victims of minor offenses as in *Norton.* This case is analogous with *Norton*

which inferentially supports a broad reading of the compromise statute such that compromise should at least have been considered by the trial court in the present case.

■ In addition to the policy favoring restitution for victims of traffic offenses, there are other policy considerations favoring the vesting of discretion in the trial courts to compromise minor offenses. The vesting of a discretionary power in the courts of limited jurisdiction by means of RCW 10.22 operates as a check and balance against the much greater discretionary power of the police to decide when to arrest and of the prosecutor when to prosecute. A trial court's impartial judgment in determining whether to dismiss the charge when based upon restitution to the victim can bring to bear many factors important in the furtherance of justice which are not within the purview of the police and prosecutor. Indeed, our superior courts, constitutional courts vested with certain inherent powers, Washington State Constitution, article 4, section 1, already have such power. *See* CrR 8.3(b). The Supreme Court in *State v. Sonneland,* 80 Wn.2d 343, 347, 494 P.2d 469 (1972) in discussing RCW 10.46.090, the predecessor to CrR 8.3(b), emphasized that the statute is designed "to protect accused persons from arbitrary . . . actions of some prosecutors." *Accord, State v. Starrish,* 86 Wn.2d 200, 544 P.2d 1 (1975).

The authority cited by the State from other jurisdictions, some factually indistinguishable from the present case, cannot withstand close scrutiny. One such case, which is representative of the reasoning of such opinions, is *Hensel v. State,* 585 P.2d 878, 879–80 (Alaska 1978) where the court reasoned:

> We agree with the superior court's conclusion that the crime of leaving the scene of an accident is not amenable to civil compromise. . . . The act constituting the crime of leaving the scene of an accident is the failure to stop and make the necessary exchanges of information or assistance . . . after the accident has occurred. This omission is not one which causes injury to the private citizen within the meaning of the civil compromise statutes. Settlement of the claim for injuries resulting from

the accident cannot settle the state's claim for a violation of its laws.

*Accord, State v. Duffy,* 33 Or. App. 301, 576 P.2d 797 (1978); and *People v. O'Rear,* 220 Cal. App. 2d Supp. 927, 34 Cal Rptr. 61 (App. Dep't Super. Ct. 1963). *Duffy* relies on *O'Rear* which is based on the old common law rule of *Pearce v. Wilson,* 111 Pa. 14, 2 A. 99 (1886). In *Pearce* the court disallowed compromise of an offense on the basis of the rule that "all contracts to abate or compromise criminal offences, of any class, are held void as against the policy of the law, because of their manifest tendency to subvert public justice." *Pearce,* at 23. It is of seminal importance in the *Pearce* case that the prosecutor and the defense had conjured up a scheme for compromise of the offense without participation of the court; the deal was to be effectuated as a fait accompli by the prosecutor declining to call any witnesses. In such a situation it is indeed a danger, even a likelihood, that justice would be subverted. In the situation mandated by the compromise statute under consideration here, however, the terms of the restitutionary agreement are to be fully aired in open court, and the decision whether to dismiss is left to the discretion of the trial court. With the decision left to the court, not only is the subversion of justice unlikely, the effectuation of justice is probable. The policy basis of the cases from these other jurisdictions is thus seriously questionable.

Aside from the policy basis, the reasoning of the contra opinions is too facile. For example, the *O'Rear* court reasons:

> We are of the opinion that the Legislature intended to include those misdemeanors in which by their very nature there is an overlapping of the civil remedy and the public remedy by way of prosecution for a crime. Thus in the case of an assault and battery since by its very definition a battery is a wilful and unlawful use of force or violence upon the person of another . . . the person injured would in almost every case have a civil action for damages. Similarily [*sic*], since a theft is the unlawful taking of the property of another, the civil remedy of

damages for conversion would almost always exist. Contrast the crime of excessive speed in an automobile. *O'Rear*, at 931. We agree that "the Legislature intended to include those misdemeanors in which by their very nature there is an overlapping of the civil remedy and the public remedy by way of prosecution . . ." The California court requires not just overlapping, but full congruence of the criminal offense and the civil cause of action. We believe that so long as the civil cause of action shares a common element with the criminal offense, compromise is available; overlapping, not full congruence, is required.

■ The authority in our jurisdiction supports a broad reading of the compromise statute. Effectuation of public policy, especially in regard to compensation for victims of offenses, as well as the interests of justice, support such a reading. Authority from other jurisdictions is based upon inapplicable precedent and is analytically facile. We, therefore, hold that pursuant to RCW 10.22 when a party "has received satisfaction for his injury" a trial court may in the exercise of its discretion dismiss any misdemeanor that has as a necessary element of the offense an element of the concomitant civil remedy. Here the criminal offense requires that the defendant be involved in an accident causing injury to the victim's person or property. RCW 46.52.020(1), (2). The civil cause of action shares this common element. Thus RCW 10.22.010–.020 applies. We, therefore, reverse and remand to Roxbury District Court for the exercise of its discretion whether to discontinue the proceedings and discharge the defendant.

SWANSON, J., concurs.

DURHAM, J. (dissenting)—I share the majority's view that the compromise of misdemeanors statute plays a beneficial role in the resolution of minor offenses, but I cannot accept extending the statute to the offense at bar. The compromise statute applies only to misdemeanors for which "the person injured by the act constituting the offense has a

remedy by a civil action, . . ." RCW 10.22.010. First, there is no "person injured by the act" as such, because the victim here is the State. The duty owed is to the State, in furtherance of its interest in protecting the citizenry. Second, the State has no remedy by a civil action for the failure to report. Thus, the offense here is clearly beyond the purview of the compromise statute.

The majority opinion relies on *State v. Norton,* 25 Wn. App. 377, 606 P.2d 714 (1980), which allowed the compromise of a theft charge in juvenile court, stating that "*Norton* . . . inferentially supports a broad reading of the compromise statute . . ." After close scrutiny of all 13 lines of the relevant portion of the *Norton* decision, I failed to discern any such inference, whether subtle or not.

The existing authority from other jurisdictions, all of which holds contrary to the majority's position, is dismissed by the majority as facile. *See People v. O'Rear,* 220 Cal. App. 2d Supp. 927, 34 Cal. Rptr. 61 (App. Dep't Super. Ct. 1963) (hit–and–run with property damage); *Hensel v. State,* 585 P.2d 878 (Alaska 1978) (leaving the scene of accident); *State v. Duffy,* 33 Or. App. 301, 576 P.2d 797 (1978) (failure to leave name and address). I believe the reasoning in those cases is persuasive and I would affirm the trial court.

Reconsideration denied July 8, 1981.

Review denied by Supreme Court September 25, 1981.