[No. 47427–3.  En Banc.  September 17, 1981.]

THE STATE OF WASHINGTON, *Respondent*, v. BROOK C. CUNNINGHAM, *Petitioner*.

*William Johnston,* for petitioner.

*David S. McEachran, Prosecuting Attorney,* and *Charles J. Tull, Deputy,* for respondent.

STAFFORD, J.—Petitioner Brook Cunningham was convicted of first degree (armed) robbery and was sentenced to prison. She appealed solely on the ground that the trial judge assertedly abused his discretion by voicing a rigid sentencing policy. The Court of Appeals affirmed, as do we.

Petitioner stipulated that she had participated in the robbery of a service station, while being armed. She contended, however, that due to consumption of drugs she had a diminished mental capacity and could not have formed the requisite specific intent. The trial judge rejected the defense after hearing both petitioner and conflicting expert testimony. The rejected defense is not an issue on appeal.

Prior to trial, and later at the sentencing proceedings, the judge made it clear he would not grant probation in this or other cases of first degree robbery. He acknowledged that *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978), gave him discretion to grant probation, but stated he would not exercise that discretion for several reasons. He felt armed robbery was a "very, very serious offense," yet he was concerned that *Workman* had apparently made it almost a privileged crime. He pointed out that under *Workman* defendants convicted of first degree robbery, a class A felony, were eligible to receive a suspended or deferred sentence, while all other persons found to have been armed while committing a felony, whether a class A, B or C felony, would automatically be sentenced to an institution regardless of individualized factors. RCW 9.41.025. The judge noted that it would cause him a "great deal of inner conflict" to grant probation in this case while being required to incarcerate another defendant equally worthy of probation who had committed a less serious offense while armed. He

also felt it would violate any policy of applying the law equally in the "interest of uniform justice in the community." Further, he noted the legislature generally felt that those committing felonies while armed should be incarcerated.[1] Finally, he felt it would have a deterrent effect if other young offenders were certain that conviction of armed robbery would result in a prison term.

The judge also mentioned other factors related specifically to this case. He noted petitioner's youth and her involvement with drugs. He commented on the hold–up letter found in her possession which said "I will not hesitate to kill", although he was under the mistaken impression that the note had been handed to the station attendant. There was also the use of a deadly weapon. In addition, he had read and considered many laudatory letters received from her friends and relatives as well as the presentence report which recommended probation. The judge observed that he found it a "very difficult thing" to sentence her to an institution, but he also felt that in good judicial conscience he could do nothing else. Ultimately he sentenced her to 20 years, the shortest possible term for a class A felony under RCW 9A.20.020(1)(a). The trial judge did not impose or recommend a minimum term of confinement, and made no special finding regarding the use of a deadly weapon under RCW 9.95.040 thus placing no restriction on her parole opportunities.[2] These considerations amounted to an exercise of discretion.

Petitioner argues that because the trial judge had a rigid sentencing policy, as evidenced by some of his statements,

---

[1]The legislature recently reemphasized this position by enacting Substitute Senate Bill 4131, 47th Legislature (1981) which explicitly provides that those felonies for which the use of a firearm is an element of the offense are subject to the mandatory sentencing provisions of RCW 9.41.025. Thus, the anomalous situation perceived by the trial judge will no longer exist.

[2]Petitioner was released on parole prior to oral argument in this case. Nevertheless, some disability resulting from her conviction continues from which she could be released if probation were granted and successfully completed. RCW 9.95.240. Thus, this case is not moot and we must reach the merits.

there was an abuse of discretion. We do not agree.

The sentencing of criminals is subject to the exercise of sound judicial discretion which will not be set aside absent an abuse. *State v. Blight,* 89 Wn.2d 38, 569 P.2d 1129 (1977); *State v. Dainard,* 85 Wn.2d 624, 626, 537 P.2d 760 (1975). An abuse of discretion occurs only when the decision or order of the court is "'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons'". *State v. Blight, supra* at 41; *State v. Sponburgh,* 84 Wn.2d 203, 210, 525 P.2d 238 (1974). It exists "only where it can be said no reasonable man would take the view adopted by the trial court." *State v. Blight, supra* at 41; *State v. Derefield,* 5 Wn. App. 798, 799–800, 491 P.2d 694 (1971).

RCW 9.95.200 gives trial courts the power to grant probation. It reads in full:

> After conviction by plea or verdict of guilty of any crime, the court upon application or its own motion, may summarily grant or deny probation, or at a subsequent time fixed may hear and determine, in the presence of the defendant, the matter of probation of the defendant, and the conditions of such probation, if granted. The court may, in its discretion, prior to the hearing on the granting of probation, refer the matter to the secretary of social and health services or such officers as the secretary may designate for investigation and report to the court at a specified time, upon the circumstances surrounding the crime and concerning the defendant, his prior record, and his family surroundings and environment.

The legislature does not require the trial judge to consider a presentence report. While such consideration may be an aid to sentencing and normally will be appropriate, the judge is, in fact, authorized to summarily grant or deny probation. Probation is not a right, it is a matter of privilege and grace authorized by the legislature and implemented through judicial discretion. *State v. Blight, supra; State v. Damon,* 16 Wn. App. 845, 852, 559 P.2d 1365 (1977). Thus, even though a judge must exercise discretion in sentencing and even though that discretion may not be

exercised in an arbitrary or unreasonable manner, the judge has been given discretion to determine the procedures to be employed and the matters that will be taken into account.

█ In this case the trial judge determined that the reasons for imposing imprisonment in first degree robbery cases would always outweigh individual factors opposing imprisonment. He came to this conclusion only after considering and weighing numerous factors, however. He did not refuse to listen to or consider individualized factors; he merely decided, after extensive reasoning, that he could see no reason why the individualized factors would allow him, in good judicial conscience, to give probation after a conviction of armed robbery. We cannot say such a determination is so unreasonable that it amounts to an abuse of discretion. After all, this is basically what the legislature did in enacting RCW 9.41.025 and its amendment, Substitute Senate Bill 4131, 47th Legislature (1981).

Petitioner has drawn our attention to several federal cases in which sentences were vacated when it was perceived the trial judge employed a mechanistic sentencing policy. *E.g., United States v. Wardlaw,* 576 F.2d 932 (1st Cir. 1978);[3] *United States v. Hartford,* 489 F.2d 652 (5th Cir. 1974); *Woosley v. United States,* 478 F.2d 139, 143 (8th Cir. 1973). Some state cases have held similarly. *E.g., People v. Bolyard,* 61 Ill. 2d 583, 338 N.E.2d 168 (1975).[4] However, except in death penalty cases, there is no constitutional requirement that there be individualized sentencing determinations. *Woodson v. North Carolina,* 428 U.S. 280, 304, 49 L. Ed. 2d 944, 96 S. Ct. 2978 (1976). Further, the cited cases did not deal with a situation in which the

---

[3]Federal sentencing statutes provide for nonmandatory maximum sentences, unlike the sentencing statutes in this state. *See* RCW 9.95.010.

[4]Illinois statutes specifically provided that probation was a possible sentence alternative for the crime of which Bolyard was convicted; they required the trial court to hear arguments on sentencing alternatives; and they specified the factors the trial judge should consider in imposing a term of imprisonment or a period of probation. *People v. Bolyard,* 61 Ill. 2d 583, 586, 338 N.E.2d 168, 169 (1975).

trial judge had expressed reasonable grounds for his sentencing policy. The latter factor also distinguishes this case from *State v. Pettitt,* 93 Wn.2d 288, 609 P.2d 1364 (1980), and its companion cases in which we held impermissible a prosecutor's policy of invariably filing habitual criminal actions if they could be proven. Further, unlike the instant case, the prosecutor in *Pettitt* refused to consider any mitigating factors whatsoever. 93 Wn.2d at 296.

The dilemma confronting trial judges in situations like the instant case is unique. In most cases a fixed sentencing policy would not be justifiable. Here, however, even though that resolution of the problem is neither mandatory nor preferred, we cannot say it was so arbitrary or unreasonable as to manifest an abuse of discretion in light of the trial judge's clearly articulated reasons.

The trial judge is affirmed.

BRACHTENBACH, C.J., and ROSELLINI, DOLLIVER, DORE, and DIMMICK, JJ., concur.

UTTER, J. (concurring)—I agree with those cases cited by the majority that require a nonmechanistic sentencing policy. In this case, however, the trial judge, while on one hand indicating he had such a policy, also stated individual factors relating to this appellant which he believed justified her incarceration. I therefore would affirm the trial court.

WILLIAMS, J. (dissenting)—I dissent. The remarks of the trial court judge as revealed by the record indicate to me that he did not exercise his discretion in sentencing defendant but instead followed a self-imposed rule to sentence to prison every defendant convicted of first degree robbery. By adhering to this mechanistic rule he could not and did not exercise his discretion, and I would therefore reverse the case. *State v. Pettitt,* 93 Wn.2d 288, 609 P.2d 1364 (1980).

In upholding the court's actions, the majority has, in effect, interpreted the judge's remarks contrary to their

plain meaning. He clearly announced he had a mandatory policy, but the majority now holds that he may have said it but either didn't mean it or didn't follow it. If on the merits the defendant was not deserving of probation or a deferred sentence, then there was no need to explain the policy and its underlying rationale, and I presume the judge would not have bothered doing so. He simply would have sentenced her to prison without reference to his "policy". I conclude, therefore, that the judge believed probation was at least worthy of consideration and for that reason he felt compelled to use his mandatory commitment policy to justify the sentence.

Moreover, the judge's explanation clearly shows his dissatisfaction with this court's decision in *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978), the effect of which he attempts to correct by imposing on himself a policy or rule by which he strips himself of any sentencing discretion in first degree robbery cases. This is an unusual response. Trial judges ordinarily seize the opportunity to exercise their discretion in a deserving case. The trial judge in this case, however, has imposed on himself a sentencing restriction reserved to legislative action. In *Workman,* this court held the legislature did not take that action, and I believe it was improper for the judge to assume the task of correcting legislative inaction.

I would remand the case for the trial judge to resentence defendant after a full consideration of the merits, uninhibited by his self–imposed mandatory policy of refusing to consider probation in a first degree robbery case under the then existing law.

HICKS, J., concurs with WILLIAMS, J.