[No. 12809-4-I.   Division One.   July 19, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. PATRICIA M. PERDANG, *Petitioner.*

*Stafne, McGreevy & Taylor* and *Scott E. Stafne,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Scott McKay, Deputy,* for respondent.

*Nancy L. Talner* on behalf of Washington Appellate Defender Association, amicus curiae.

DURHAM, C.J.—Patricia M. Perdang appeals her conviction for third degree theft, alleging that the District Court erred by refusing to dismiss the case pursuant to the compromise of misdemeanors statute.

Perdang, a 37–year–old mother with no prior convictions, was apprehended after attempting to take a coat from a Sears department store. She was charged with third degree theft. In accordance with Sears' written request, Perdang agreed to pay $75 for the coat and a $100 statutory penalty.

At a hearing held before the Shoreline District Court on November 16, 1981, Perdang moved to have the theft charge dismissed pursuant to the compromise of misdemeanors statute, RCW 10.22.010, .020. The district judge denied the motion, stating that it was his policy to deny such a motion unless the prosecutor concurred. Perdang successfully appealed to King County Superior Court, which held that "[the District Court Judge's] failure to exercise his discretion on a properly presented petition for compromise of misdemeanor is contrary to . . . RCW 10.22.020", and remanded the case to the District Court.

On remand, Perdang again moved to dismiss under the

compromise of misdemeanors statute. The District Court Judge denied the motion, stating that his policy was to deny such motions except in unique and "terribly extraordinary circumstances." The District Court Judge's views are evident in the following commentary:

[The Court]: Well, in any event, in exercising discretion in this type of a case. Because Ms. Perdang does not present circumstances that are unique to the vast majority of people, other people that come before the court, and for the court to feel that it would like to apply dispositions on a somewhat as possible, uniform basis, the court would deny the motion to compromise on that basis. Secondly, and this is not the reason necessarily for this decision, but the court feels that the compromise of misdemeanor statute would allow in effect in this type of a case, a merchant to control and direct the prosecution of a criminal statute. I find that to be offensive in that, particularly when there is attached to this type of statute a civil penalty as well. . . . In other words, we're too linked somehow with the discretion of the merchant to collect or not to collect the civil penalties involved. I think I find that offensive. In other words, justice for those who can afford to pay the civil penalty and not for those who can't. The whole scheme of this type of discretion to be allowed to a merchant as such, to me smacks of unequal protection and is really very offensive as far as the application of the statute is concerned.

Now I'm not necessarily saying that that's the case in this instance, but I really don't know. I do know however, that Ms. Perdang is not, is really no different than most of the vast majority if not all, (pause) well the vast majority of the other people charged with a similar offense that come before the court, the vast majority of which are not granted a dismissal pursuant to a compromise, the compromise statute and therefore, I find nothing terribly unique in her circumstances. I have granted these before but there really has to be some unique circumstances involved, such as potential deportation by a foreign, (pause) by a person here on a passport restriction, something of this nature, terribly extraordinary circumstances as a result of a conviction being entered in this type of a situation. I don't find that in this instance, and therefore the motion to compromise will be denied.

Perdang appealed, and the District Court's decision was affirmed by the Superior Court, which held that "[t]he granting of a motion for misdemeanor compromise is within the discretion of the trial court and no abuse of discretion has been shown." This court granted discretionary review.

Perdang contends that the district judge's policy which allows dismissal only if there are unique circumstances is inconsistent with the statute's underlying purpose. She argues that the legislative policy was to encourage restitution to crime victims and to avoid prosecution of minor offenders, and that the statute should be liberally applied. According to Perdang, the District Court effectively imposed a special burden to show that hers was a unique case, a burden that is contrary to the statute's purposes.[1]

RCW 10.22.010 and .020 authorize courts of limited jurisdiction to dismiss misdemeanor prosecutions under certain circumstances. RCW 10.22.010 provides in relevant part:

> When a defendant is prosecuted . . . for a misdemeanor, for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided in RCW 10.22-.020 . . .

RCW 10.22.020 provides in relevant part:

> [I]f the party injured appear[s] in the court in which the cause is pending at any time before the final judgment therein, and acknowledge[s], in writing, that he has received satisfaction for the injury, *the court may, in its discretion,* on payment of the costs incurred, order all proceedings to be discontinued and the defendant to be discharged.

(Italics ours.) Thus, the statute expressly leaves the dismissal of a misdemeanor prosecution to the trial court's discretion. *See State v. Carr,* 160 Wash. 83, 85, 294 P. 1016

---

[1]Perdang also argues that, given Sears' agreement to compromise and her status as a first–time minor offender, she was, in effect, automatically entitled to compromise absent specific countervailing factors. For the same reasons we reject the mechanistic approach taken by the District Court here, so too we reject that contention.

(1930). However, the fact that the abuse of discretion standard applies does not insulate decisions under the misdemeanor compromise statute from appellate review.

In *State v. Cunningham,* 96 Wn.2d 31, 633 P.2d 886 (1981), the trial court refused to grant probation to a defendant convicted of first degree armed robbery. The judge expressed his dismay with *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978), which held that the enhanced penalty provisions of the Uniform Firearms Act, RCW 9.41.025, do not apply to first degree robbery when the charge is based on the use or possession of a deadly weapon. The judge stated that he would be deeply troubled if he were to grant probation while being prohibited from doing so for equally worthy defendants who had committed less serious offenses. He also indicated that granting probation would violate any policy of applying the law uniformly throughout the community. After finding the defendant guilty, the court remarked that:

> [M]y policy will be, since the State vs. Workman case where the State is left in the ridiculous position of having to charge the way they do, that any time a felony is proven and a firearm is involved, they're going to go to institutions.

*State v. Cunningham,* 27 Wn. App. 228, 230, 616 P.2d 702 (1980), *aff'd,* 96 Wn.2d 31, 633 P.2d 886 (1981). However, the judge also relied on factors relating to the defendant's individual circumstances, such as her youth, her drug involvement, and the nature of the crime itself. As a result, the court in *Cunningham* rejected the defendant's argument that the trial judge had abused his discretion in refusing to grant probation. The court noted that:

> [T]he trial judge determined that the reasons for imposing imprisonment in first degree robbery cases would always outweigh individual factors opposing imprisonment. *He came to this conclusion only after considering and weighing numerous factors, however. He did not refuse to listen to or consider individualized factors; he merely decided, after extensive reasoning, that he could see no reason why the individualized factors would allow*

*him, in good judicial conscience, to give probation after a conviction of armed robbery.*

(Italics ours.) *Cunningham,* 96 Wn.2d at 35. The court went on to conclude that

*[i]n most cases a fixed sentencing policy would not be justifiable. Here, however, even though that resolution of the problem is neither mandatory nor preferred, we cannot say it was so arbitrary or unreasonable as to manifest an abuse of discretion in light of the trial judge's clearly articulated reasons.*

(Italics ours.) *Cunningham,* 96 Wn.2d at 36.

▮ Here, as in *Cunningham,* the district judge followed a self-imposed rule in refusing to grant compromise absent unique or extraordinary circumstances. His dislike of the compromise statute is apparent. Unlike the judge in *Cunningham,* however, the district judge here did not consider Ms. Perdang's individual circumstances. Regardless of whether the court's refusal to grant a compromise was ultimately justifiable, its stated policy of refusing to do so absent "terribly unique" and "terribly extraordinary" circumstances amounted to an abdication of the responsibility to exercise discretion. In effect, the district judge required a threshold showing of exceptional circumstances prior to the exercise of his discretion, a requirement that we believe the Legislature never contemplated. Accordingly, we hold that the district judge erred in denying compromise without giving full consideration to both Ms. Perdang's personal circumstances and the facts surrounding her case.

Reversed and remanded for a new trial.

SWANSON and CALLOW, JJ., concur.