[No. 13957-6-I.   Division One.   December 24, 1984.]

THE STATE OF WASHINGTON, *Appellant,* v. TODD JOEL JOHNSON, *Respondent.*

296

*Norm Maleng, Prosecuting Attorney,* and *Mark H. Sidran, Deputy,* for appellant.

*Paris K. Kallas* of *Washington Appellate Defender Association,* for respondent.

CORBETT, A.C.J.—The State appeals the order dismissing a juvenile court proceeding which was entered pursuant to the compromise of misdemeanors statute, RCW 10.22. We affirm.

The juvenile defendant was detained by an Albertson's security guard and accused of taking a package of cigarettes without paying for them. He was arrested by Bellevue police and released. Defendant received a letter from Albertson's which apparently stated that he owed civil damages and a penalty of $126.06 pursuant to RCW 4.24-.230 and that charges would be dropped if he paid that amount. Defendant paid the damages and penalty. An information was filed in juvenile court charging the defendant with one count of third degree theft. At the fact–finding hearing, the defendant moved for dismissal based upon a compromise of the misdemeanor, pursuant to RCW 10.22. In support of the motion, he filed a statement of satisfaction on a compromise of misdemeanor signed by the Albertson's store manager. After considering the briefs and oral argument, the court commissioner ruled that the compromise of misdemeanors statute was applicable in juvenile court, approved the compromise, and dismissed the information. The State assigns error to the dismissal.

In *State v. Norton,* 25 Wn. App. 377, 380, 606 P.2d 714 (1980), we held that where an offense that is designated a misdemeanor is used to invoke the jurisdiction of the juvenile court, the compromise of misdemeanors statute, RCW 10.22, may be applied in juvenile proceedings. We reasoned

that because the essence of the compromise statute is restitution to victims and avoidance of prosecution for minor offenses, it was consistent with the purposes of the juvenile code.

In 1981, the Legislature enacted an amendment to the basic juvenile court act:

> The provisions of chapters 13.04 and 13.40 RCW, as now or hereafter amended, shall be the exclusive authority for the adjudication and disposition of juvenile offenders except where otherwise expressly provided.

RCW 13.04.450. The State contends that this so–called "exclusivity amendment" was intended by the Legislature to reverse *Norton*. In support of this, the State contends that allowing compromise of misdemeanors undermines the effectiveness of diversion. The crux of this argument appears to be a concern that use of the compromise statute removes discretion from the prosecutor and places it in the trial judge. We do not find this reasoning persuasive.

■■ Statutory repeals are not implied where two statutes can be reconciled and given effect. *State v. Q.D.,* 102 Wn.2d 19, 24, 685 P.2d 557 (1984). By its terms, RCW 13.04.450 makes the juvenile code the exclusive authority for *adjudication* and *disposition* of juvenile offenders. Use of the compromise statute is limited to the period after the charge is filed and *before* adjudication or disposition.

> In construing statutes, we presume that the Legislature is familiar with past judicial interpretation of its enactments. We will not assume that the Legislature would effect a significant change in legislative policy by mere implication.

(Citations omitted.) *State v. Calderon,* 102 Wn.2d 348, 351, 684 P.2d 1293 (1984). The *Norton* interpretation of the compromise statute was neither implicitly nor explicitly changed by the 1977 amendment.

The purposes of the compromise statute and the juvenile code are consistent. *State v. Norton, supra* at 380; *see State v. Q.D., supra* at 24 (infancy defense is consistent with the goals of the juvenile code). Dismissal under the

compromise statute is in the discretion of the court and does not require acquiescence by the prosecuting attorney. *State v. Perdang,* 38 Wn. App. 141, 144, 684 P.2d 781 (1984). The trial court did not err by approving the compromise and dismissing the case.

Affirmed.

SWANSON and WILLIAMS, JJ., concur.

Review denied by Supreme Court February 15, 1985.