[No. 15832-5-I. Division One. January 6, 1986.]

THE CITY OF SEATTLE, *Respondent*, v. TROY D. STOKES, *Petitioner*.

Nancy L. Sorensen and Driano & Sorensen, for petitioner.

Douglas N. Jewett, City Attorney, and Douglas B. Whalley, Assistant, for respondent.

WEBSTER, J.—The primary issue on appeal here is whether a Seattle Municipal Court judge erred in refusing to dismiss a reckless driving charge on the basis of a compromise of misdemeanor.

## FACTS

The record consists of an agreed report of proceedings, RAP 9.4, and a narrative report of proceedings, RAP 9.3, which are nearly identical here. According to these documents, on June 22, 1984, defendant Troy Dominick Stokes ran a stoplight[1] at a speed of about 70 miles per hour and struck a car operated by a Ms. B. At trial the defendant presented a compromise of misdemeanor, which stated the victim had received satisfaction for all injuries sustained in the accident. Ms. B. had signed the compromise of misdemeanor and was present in the courtroom. Before hearing

---

[1]The record is ambiguous as to whether the defendant ran a stoplight or stop sign.

the evidence, the judge stated, "[w]ithout more information, I don't believe a Compromise of Misdemeanor is appropriate for a reckless driving charge." After hearing evidence, the trial judge again rejected the compromise, saying "a Compromise of Misdemeanor [was not] appropriate." No reasons for this decision are given on the record before us.

The judge then found "this is a reckless driving case"; that the defendant had seen but sped past a flashing red light and caused the accident. Nevertheless, because of the defendant's age, the judge said she would defer a conviction. She told the defendant the charge would be reduced to negligent driving if Stokes committed no moving violations for 1 year.

The City appealed to the superior court, arguing that the trial court had no discretion to continue its proceedings. The defendant cross–appealed, contending that the compromise of misdemeanor should have been considered by the trial judge.

A King County Superior Court judge made the following decision on a RALJ appeal:

> Because the defendant was found guilty of Reckless Driving on Sept. 6, 1984, the court was obligated to impose a sentence for that offense at that time. The future behavior of the defendant is not a consideration in making a finding of guilt or innocence.
>
> The trial court properly exercised its discretion in denying a compromise.
>
> The evidence was sufficient to sustain a finding of guilty of Reckless Driving.
>
> It Is Hereby Ordered that the above cause is Reversed; Remanded to Seattle Municipal Court for further proceedings . . .

Both parties appealed this decision, and we accepted discretionary review.

## COMPROMISE OF MISDEMEANOR

Stokes argues that the trial court improperly refused to exercise its discretion and consider the compromise of misdemeanor. He claims that it was error under *State ex rel.*

*Fitch v. Roxbury Dist. Court,* 29 Wn. App. 591, 629 P.2d 1341 (1981) to hold the compromise was inappropriate as a matter of law. We disagree.

█ RCW 10.22.010 provides:

When a defendant is prosecuted in a criminal action for a misdemeanor, for which the person injured by the act constituting the offense has a remedy by a civil action, the offense *may* be compromised as provided in RCW 10.22.020, except when it was committed:

(1) By or upon an officer while in the execution of the duties of his office.

(2) Riotously; or

(3) With an intent to commit a felony.

(Italics ours.) The decision whether to dismiss charges under the compromise statute is within the discretion of the trial court. RCW 10.22.020; *State v. Johnson,* 39 Wn. App. 295, 298, 693 P.2d 159 (1984). We see no evidence of an abuse of discretion on the record before us. Before trial, the trial court indicated that "without more information" a compromise did not seem appropriate. After hearing evidence, the trial court held that a compromise was not appropriate. There is no showing that the trial judge refused to consider the compromise or exercise her discretion, as was held to be error in *State ex rel. Fitch v. Roxbury Dist. Court, supra.*

Yet, even if the trial court had refused to consider the compromise of misdemeanor, this refusal would not be error here. The City argues that to reach this conclusion, we must overrule *Roxbury,* at 597, which held that a compromise of misdemeanor may be used for traffic offenses "so long as the civil cause of action shares a common element with the criminal offense". The court there determined that "overlapping, not full congruence, is required." *Roxbury,* at 597. We decline the City's invitation to overrule our previous decision. Under a narrow reading of *Roxbury,* a compromise of misdemeanor is not appropriate for reckless driving.

*Roxbury* involved the "Hit and Run (Attended)" statute, RCW 46.52.020, whose elements include "(1) a death or

injury to a person, (2) or damage to an attended vehicle". *Roxbury,* at 593. The criminal offense thus shared with a tort action the common element of damage or injury. Reckless driving is defined as follows:

> Any person who drives any vehicle in wilful or wanton disregard for the safety of persons or property is guilty of reckless driving.

RCW 46.61.500(1). There is no necessary element of property damage or personal injury.

One may argue that the element of willful or wanton disregard for safety in reckless driving overlaps with the element of negligence in a tort action. Under this reasoning, there would often be "overlapping congruence" in moving violations resulting in an accident. This conclusion would be in keeping with the policy, set forth in *Roxbury,* of a broad reading of the compromise statute and of encouraging restitution to victims.

We do not believe *Roxbury* should be read so broadly, especially where, as here, there is a stronger competing policy of punishing and deterring criminal violations. The reckless driving statute is aimed at preventing the danger of accidents, while the hit and run statute is aimed at protecting accident victims. Restitution here does not take into account the full potential for harm from reckless driving. "We do not believe that the Legislature intended to rest this important matter of public policy upon the happenstance that in any particular case a private citizen might or might not suffer personal injury or property damage." *People v. O'Rear,* 220 Cal. App. 2d Supp. 927, 931, 34 Cal. Rptr. 61, 64 (1963). Because injury is not a necessary element of reckless driving, a compromise will inequitably be available only when an accident occurs. We hold that the compromise of misdemeanor should be permitted only for traffic offenses whose elements include injury to persons or property.

Stokes also argues that the Superior Court erred in finding that there was a conviction. He claims that the trial court had discretion to defer its finding of guilt for 1 year.

We hold that the record supports the Superior Court's finding of a conviction. The trial judge orally found all the elements of reckless driving and was obligated to impose sentence. JCrR 5.03(b).

The decision of the Superior Court is affirmed, and the case remanded to Seattle Municipal Court for further proceedings in accordance with this opinion.

SCHOLFIELD, A.C.J., and COLEMAN, J., concur.