[No. 38512-7-I.   Division One.   November 18, 1996.]

THE STATE OF WASHINGTON, *Petitioner*, v. CURTIS W. BRITTON, *Respondent*.

*James H. Krider, Prosecuting Attorney,* and *Kenneth A. Schiffler, Deputy,* for petitioner.

*Kelly L. Taylor* of *Snohomish County Public Defender Association,* for respondent.

PER CURIAM — Curtis Britton, a first-time offender, was charged with third degree theft for taking a packet of cigarettes from Thrifty Foods. Britton paid Thrifty $150, and Thrifty requested that the district court dismiss the charge under the misdemeanors compromise statute, RCW 10.22. The State objected, arguing that the court had no statutory authority to dismiss a gross misdemeanor. The trial court disagreed and dismissed the charge. On RALJ appeal, the court interpreted the statute to include gross misdemeanors as well as misdemeanors and affirmed. Because the issue is one of public interest and also one of first impression, we grant the State's motion for discretionary review under RAP 2.3(d), and accelerate review under RAP 18.12. Applying rules of statutory construction, we hold that the compromise of misdemeanors statute applies to "gross misdemeanors" as well as "misdemeanors." Accordingly, we affirm the RALJ court's decision.

## DECISION

The sole question before us is whether the compromise of misdemeanors statute applies to gross misdemeanor as well as misdemeanor offenses. While the appellate courts

have previously upheld dismissals of gross misdemeanor charges under the statute, this precise question has never been directly addressed.[1]

RCW 10.22.010 and .020 allows courts to dismiss misdemeanor prosecutions under certain circumstances. RCW 10.22.010 reads as follows:

> When a defendant is prosecuted in a criminal action for a misdemeanor, for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided in RCW 10.22.020, except when it was committed:
>
> (1) By or upon an officer while in the execution of the duties of his office.
>
> (2) Riotously;
>
> (3) With an intent to commit a felony; or
>
> (4) By one family or household member against another as defined in RCW 10.99.020(1) and was a crime of domestic violence as defined in RCW 10.99.020(2).

■ The State argues that the fact that the Legislature did not include the term gross misdemeanor in the statute is "critical and determinative of the result in this case." We disagree. Statutes are interpreted to give effect to the Legislature's intent.[2] At the time the statute was enacted as part of the Code of 1881, misdemeanor offenses were simply defined as "all offenses other than felonies."[3] There was no separate subcategory of "gross misdemeanors."

---

[1] *See State v. Perdang*, 38 Wn. App. 141, 684 P.2d 781 (1984) (trial court abused its discretion in declining to allow a compromise of misdemeanor dismissal on third degree theft charge); *State ex rel. Fitch v. Roxbury Dist. Ct.*, 29 Wn. App. 591, 629 P.2d 1341 (1981) (offense of leaving scene of accident, a gross misdemeanor, may be compromised at court's discretion); *State v. Norton*, 25 Wn. App. 377, 606 P.2d 714, *review denied*, 93 Wn.2d 1026 (1980) (statute applies to juvenile proceedings and third degree theft charge properly dismissed under compromise of misdemeanors statute).

[2] *Cherry v. Municipality of Metro. Seattle*, 116 Wn.2d 794, 799, 808 P.2d 746 (1991).

[3] *City of Pasco v. Mace*, 98 Wn.2d 87, 98, 653 P.2d 618 (1982) (citing Code of 1881, ch. 67, § 781, p. 159).

The maximum sentence for misdemeanors was "imprisonment in the county jail not more than 1 year, or by fine not exceeding $500, or by both."[4]

In 1975, the Legislature enacted RCW 9A.20.010 and .020, which classified crimes for purposes of sentencing. The prior global category of "misdemeanors" was separated into two subcategories, gross misdemeanors and misdemeanors. But the maximum imprisonment time for misdemeanors remains one year. Under RCW 9A.20.020(2), "gross misdemeanor" defendants are subject to imprisonment in the county jail for a maximum term of one year, or a fine not to exceed $5000, or both. Those convicted of "misdemeanors" are subject to a maximum term of ninety days, a fine up to $1000, or both.

Notwithstanding the Legislature's decision to subcategorize misdemeanors based on maximum imprisonment terms and fines, the definition of "misdemeanor" has remained substantially the same.[5] Certainly, Britton's third degree theft charge would have been eligible for dismissal under the definition in place at the time the compromise of misdemeanors statute was enacted.

We also note that the compromise statute has been amended only once in its long history. In 1989, the Legislature added an exemption for all crimes of domestic violence as defined in RCW 10.99.020(2), which include gross misdemeanors. While there are obvious significant policy reasons for such an amendment, the fact that certain gross misdemeanors are specifically excluded suggests that they are included in the general rule.

■■ Finally, we look to the purpose behind the statute. "The essence of the compromise of misdemeanors statute is restitution to crime victims and avoidance of

---

[4]*City of Pasco*, 98 Wn.2d at 98.

[5]*See City of Pasco*, 98 Wn.2d at 100 (review of present statute defining crimes makes it "apparent that the definition of a misdemeanor has remained substantially the same as it was when the constitution was adopted.").

prosecution for minor offenders."[6] The vesting of discretionary power in the courts of limited jurisdiction by means of RCW 10.22 operates as a check and balance against the much greater discretionary power of the police to decide when to arrest and of the prosecutor when to prosecute.[7] That policy is served by a broad reading of the compromise statute. We conclude that the trial courts have the authority to dismiss gross misdemeanors that meet the requirements of RCW 10.22. The RALJ court's decision is affirmed.

---

[6]*Norton*, 25 Wn. App. at 380.

[7]*State v. Roxbury Dist. Court*, 29 Wn. App. 591, 595, 629 P.2d 1341 (1981).