[No. 36431-0-II.   Division Two.   July 2, 2008.]

THE STATE OF WASHINGTON, *Respondent*, v. C.D.C.,[†] *Appellant*.

---

[†] Because of the nature of this case, some confidentiality is appropriate. Accordingly, this court has determined pursuant to RAP 3.4 that the name of the juvenile involved will not be used in the case caption or the body of this opinion.

*John A. Hays*, for appellant.

*Susan I. Baur, Prosecuting Attorney*, and *Patricia M. Anderson, Deputy*, for respondent.

¶1 QUINN-BRINTNALL, J. — C.D.C. challenges a Wahkiahum County Superior Court's sua sponte order extending his 12- to 24-month term of community supervision for his fourth degree assault with sexual motivation conviction. The State agrees that, because fourth degree assault is not a qualified sex offense, the trial court lacked authority to impose more than 12 months of community supervision.

Accordingly, the State concedes error and agrees that this court should reverse the trial court's order extending C.D.C.'s community supervision beyond 12 months. We agree and reverse.

## FACTS

¶2 Initially, the State charged C.D.C., a minor,[1] with third degree rape and two counts of communication with a minor for immoral purposes.[2] The parties entered into a plea agreement under which C.D.C. pleaded guilty to fourth degree assault with sexual motivation.[3] On June 29, 2006, the trial court imposed 12 months of community supervision, 40 hours of community restitution, and $100 in penalties and costs. As part of his community supervision conditions, C.D.C. agreed to undergo psychosexual evaluation and any treatment recommended in that evaluation. The conditions did not provide a date by which C.D.C. needed to complete this evaluation.

¶3 On November 29, 2006, C.D.C.'s probation officer, Scott Jacot, filed an affidavit alleging that C.D.C. had violated his conditions of release by failing to obtain the psychosexual evaluation. C.D.C.'s counsel obtained two continuances of the violation hearing to enable C.D.C. to complete the evaluation. C.D.C.'s primary problems with completing the evaluation were (1) the high cost, (2) his own reading comprehension problems, (3) the evaluating doctor's limited availability, and (4) parental participation.

¶4 During the January 24, 2007 violation hearing, the trial court noted that C.D.C. had nearly completed community supervision and the court would lack the authority to compel his participation in any treatment recommended by

---

[1] C.D.C. was born July 7, 1990.

[2] The State charged C.D.C. under RCW 9A.44.060(1)(a) and RCW 9.68A.090, respectively.

[3] The facts underlying C.D.C.'s conviction are not clear from our record and are not relevant to the present appeal.

the psychosexual evaluator. The trial court briefly raised the issue of extending its jurisdiction over C.D.C. for an additional 12 months so that it could ensure C.D.C.'s participation in treatment but did not decide that issue because there was no psychosexual evaluation for it to review.

¶5 On May 14, 2007, C.D.C. appeared at the violation hearing with a completed psychosexual evaluation. Because C.D.C. had now satisfied his conditions, both the State and C.D.C.'s probation officer moved to dismiss the probation violation. The trial court set the matter over and asked the parties to brief whether the trial court could extend its jurisdiction.

¶6 At the next hearing, the State and C.D.C. both argued that the trial court did not have authority to extend C.D.C.'s community service because RCW 13.40.020(4) limits community supervision to one year for non-sex-offenses. Under former RCW 9.94A.030(41) (2005), fourth degree assault with sexual motivation did not qualify as a sex offense. Accordingly, C.D.C. had not pleaded guilty to a sex offense. In addition, C.D.C.'s probation officer agreed that the law did not permit the court to extend its jurisdiction by imposing an additional 12 months of community supervision.

¶7 The trial court stated that it was going to extend C.D.C.'s community supervision because otherwise it would be impossible for it to require that C.D.C. submit to treatment once his community supervision ended. The trial court then stated:

> For that reason, I am going to extend jurisdiction for 12 months. If anyone wishes to, of course they can appeal this Order to the . . . Court of Appeals and have the Court of Appeals tell me I'm wrong. But this arose out of a sex offense. It was reduced down to a charge which arguably is not a sex offense at this time meeting the statutory definition but it certainly meets the intention and the Court's Order was based upon the need for [C.D.C.] to find out if he has a problem and then to address that problem if necessary and it's not possible at this current time frame to do so within the time limits.

Report of Proceedings (June 11, 2007) at 10-11. The trial court denied the State's motion to dismiss the probation violation and stated that it was imposing on C.D.C. an additional 12 months of community supervision.

¶8 C.D.C. appeals.

¶9 We address two issues: (1) whether the trial court exceeded its authority by imposing an additional 12 months of community supervision on his fourth degree assault conviction and (2) whether the trial court violated C.D.C.'s due process rights when it found that he violated the conditions of his initial 12 months of community supervision. We answer both in the affirmative and reverse and remand.

## ANALYSIS

STATUTORY AUTHORITY

¶10 C.D.C. argues that the trial court exceeded its authority when it imposed 24 months of community supervision on a non-sex-offense in juvenile court. We agree.

¶11 Generally, we review sentencing conditions for an abuse of discretion. *State v. Riley*, 121 Wn.2d 22, 37, 846 P.2d 1365 (1993). A trial court abuses its discretion when its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons. *State v. Enstone*, 137 Wn.2d 675, 679-80, 974 P.2d 828 (1999) (quoting *State v. Cunningham*, 96 Wn.2d 31, 34, 633 P.2d 886 (1981)). Further, a trial court commits reversible error when it exceeds its sentencing authority; it has no discretion to do so. *In re Pers. Restraint of West*, 154 Wn.2d 204, 211, 110 P.3d 1122 (2005).

¶12 Community supervision conditions must be authorized by the legislature. *State v. Motter*, 139 Wn. App. 797, 801, 162 P.3d 1190 (2007), *review denied*, 163 Wn.2d 1025 (2008). Under RCW 13.40.020(4), a trial court can sentence a juvenile offender to a maximum of two years of community supervision only on conviction of a sex offense

and up to one year for other offenses. Our legislature defined "sex offense" as

(a)(i) A felony that is a violation of chapter 9A.44 RCW other than RCW 9A.44.130(11);

(ii) A violation of RCW 9A.64.020;

(iii) A felony that is a violation of chapter 9.68A RCW other than RCW 9.68A.070 or 9.68A.080; or

(iv) A felony that is, under chapter 9A.28 RCW, a criminal attempt, criminal solicitation, or criminal conspiracy to commit such crimes;

(b) Any conviction for a felony offense in effect at any time prior to July 1, 1976, that is comparable to a felony classified as a sex offense in (a) of this subsection;

(c) A felony with a finding of sexual motivation under RCW 9.94A.835 or 13.40.135; or

(d) Any federal or out-of-state conviction for an offense that under the laws of this state would be a felony classified as a sex offense under (a) of this subsection.

Former RCW 9.94A.030(41).

¶13 Here, C.D.C. pleaded guilty to fourth degree assault with sexual motivation, a gross misdemeanor, under RCW 9A.36.041(1) and RCW 9.94A.835. A defendant convicted of fourth degree assault, even with sexual motivation, is not a "sex offender" as defined by statute and, thus, the greatest period of community supervision the trial court has authority to impose is 12 months. The trial court, therefore, exceeded its statutory authority by imposing a total of 24 months of community supervision. Accordingly, we vacate the trial court's order and remand for correction of C.D.C.'s dispositional order to reflect a community supervision period of only 12 months.

Due Process

¶14 C.D.C. also argues that the trial court violated his right to due process when it found that he had violated his community supervision conditions because (1) substantial evidence did not support the court's finding that he

violated a condition of community supervision and (2) the trial court did not grant him an opportunity to present evidence. Arguably, if the trial court properly found that C.D.C. violated the terms and conditions of community supervision, it would have authority to impose sanctions for such a violation. RCW 9.94A.670(9)(a). But here, evidence does not support the trial court's finding. Further, the court did not give C.D.C. an opportunity to present evidence on his own behalf. Accordingly, the record does not support the trial court's finding that C.D.C. violated the conditions of his initial 12-month term of community service.

¶15 We review the juvenile court's findings of fact for substantial evidence and its conclusions of law de novo. *State v. B.J.S.*, 140 Wn. App. 91, 97, 169 P.3d 34 (2007); *State v. Alvarez*, 105 Wn. App. 215, 220, 19 P.3d 485 (2001). Here, the trial court found that C.D.C. violated his community custody conditions.[4] As the State acknowledged, the conditions of C.D.C.'s community service did not specify a time limit for C.D.C. to comply with the order that he undergo a psychosexual evaluation. And C.D.C. did obtain the evaluation within the first 12 months of his lawful community supervision term. Substantial evidence does not support the trial court's finding that C.D.C. violated the conditions of his community supervision.

¶16 Moreover, we note that the trial court improperly denied C.D.C. the right to present evidence at his violation hearing. Due process requires a hearing before revoking community supervision. *Morrissey v. Brewer*, 408 U.S. 471, 487-88, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972); *In re Pers. Restraint of McNeal*, 99 Wn. App. 617, 619, 994 P.2d 890 (2000). During a revocation hearing, a defendant is entitled to minimal due process protections, including an opportunity to be heard in person and to present witnesses and documentary evidence. *Morrissey*, 408 U.S. at 489; *State v. Nelson*, 103 Wn.2d 760, 763, 697 P.2d 579 (1985). These

---

[4] The trial court did not enter formal findings of fact and conclusions of law but stated in its order, "[T]his court finds a violation of the original order and extends jurisdiction in this matter for an additional twelve months." Clerk's Papers at 40.

requirements ensure that the finding of a violation is based on verified facts. *Morrissey*, 408 U.S. at 484.

¶17 Here, C.D.C. submitted a completed psychosexual evaluation report to the State showing that he had met his community supervision conditions. The State then moved to dismiss the violation charge. Without giving C.D.C. an opportunity to call witnesses or address it, the trial court summarily found him in violation of his community supervision conditions. Apparently, it did this because the evaluation was not obtained in sufficient time to allow C.D.C. to complete the treatment recommended in the report. But because the trial court found C.D.C. in violation of his community supervision conditions without allowing him to present any direct evidence on the issue, C.D.C.'s right of due process and an opportunity to be heard was violated. Accordingly, the trial court's violation finding was improper and any authority it otherwise may have had to extend C.D.C.'s period of community supervision is void.

¶18 We reverse the trial court's order extending C.D.C.'s community supervision by an additional 12 months and remand for correction of the court's disposition order to accurately reflect the maximum 12-month period of community supervision allowed on conviction of fourth degree assault with sexual motivation.

HOUGHTON and HUNT, JJ., concur.